# GOLDSTEIN & RUSSELL, P.C.

> By **January 21, 2022**, Defendant shall file a detailed pre-motion letter regarding its intended motion to dismiss. The letter shall not exceed five single-spaced pages. The letter shall describe each affidavit Defendant intends to rely upon and include (1) the affiant's name and position and (2) critical facts. By **January 28, 2022**, Plaintiff shall file a response stating whether Plaintiff seeks to conduct jurisdictional discovery, brief the motion to dismiss or file an amended complaint.
>
> Dated: December 16, 2021
> New York, New York
>
> LORNA G. SCHOFIELD
> UNITED STATES DISTRICT JUDGE

**VIA CM/ECF**

The Honorable Lorna G. Schofield
Thurgood Marshall United States Courthouse
40 Foley Square
New York, New York 10007

RE: *King v. Habib Bank Ltd.*, No. 20-cv-4322-LGS; *Border v. Habib Bank Ltd.*, No. 21-cv-6044-LGS; *Alexander v. Habib Bank Ltd.*, No. 21-cv-2351-LGS.

Dear Judge Schofield,

Pursuant to this Court's order dated December 8, 2021, plaintiffs (1) respond to defendant Habib Bank Limited (HBL)'s argument that jurisdictional discovery is premature, and (2) jointly with HBL propose a briefing schedule for HBL's motion to dismiss.

*Plaintiffs' response to HBL's argument*

This Court has discretion to order jurisdictional discovery at any time. HBL's argument to the contrary rests on the premise that plaintiffs' complaints fail to allege a *prima facie* case for personal jurisdiction under the standard set forth in *Licci ex rel. Licci v. Lebanese Canadian Bank, SAL*, 732 F.3d 161 (2d Cir. 2013). Plaintiffs dispute that premise. In *Licci*, the defendant bank had "no operations, branches, or employees in the United States," but the Second Circuit held that personal jurisdiction existed because the bank used a correspondent account with a third-party bank in New York to process U.S.-dollar-denominated wire transfers, and the plaintiffs' claims partially arose out of or related to those transactions. *Id.* at 165.

This case is *a fortiori*. HBL did not merely use a correspondent account at another bank; instead, HBL had its own New York branch, which engaged in conduct that the New York Department of Financial Services (DFS) determined "open[ed] the door to the financing of terrorist activities that pose a grave threat to the people of this State," and also placed "the safety of our nation at risk." ¶ 155.[*] Specifically, HBL adopted policies—including the use of a so-called "good guys" list, wire-stripping, and knowingly ignoring customers' risk, ¶¶ 133-54—that made it easier for terrorists and their accomplices to use the New York Branch to move money, even though DFS had notified HBL (through its New York branch) by 2006 that the risk of illicit transactions was high, ¶¶ 8, 129-30. DFS concluded that HBL's misconduct affected thousands of transactions involving (conservatively) hundreds of millions of dollars over a period exceeding a decade. ¶¶ 5, 135 n.112, 143, 151. Plaintiffs' claims against HBL partially arise out of and relate to that in-forum

---

[*] These citations are to paragraphs of the complaint in *King* (Doc. 1). The complaints in the three consolidated cases have substantively identical jurisdictional allegations.

Judge Schofield
Page 2 of 2

conduct. Indeed, plaintiffs allege that HBL's New York branch played a key role in terror financing because its use allowed terrorists to evade screening that other U.S. financial institutions would perform, because terrorists prefer to raise and spend U.S. dollars (a stable and fungible currency), and because U.S. dollars are a critical intermediary currency between other currency pairs that terrorists use to raise funds. ¶¶ 273-89. Plaintiffs also assert personal jurisdiction based on conduct directed at the United States (*e.g.*, terrorism targeting Americans), ¶¶ 263-72, as well as conspiracy jurisdiction, ¶¶ 290-93.

Plaintiffs believe these allegations easily establish a *prima facie* case for personal jurisdiction under *Licci*. But even if the Court disagrees, "[i]t is well settled under Second Circuit law that, even where plaintiff has not made a *prima facie* showing of personal jurisdiction, a court may still order discovery, in its discretion, when it concludes that the plaintiff may be able to establish jurisdiction if given the opportunity to develop a full factual record." *Ikeda v. J. Sisters 57, Inc.*, 2015 WL 4096255, at *8 (S.D.N.Y. July 6, 2015) (quotation marks omitted). Here, a full factual record will likely show that plaintiffs' claims arise out of or relate to at least some of the many thousands of transactions HBL routed through New York—which is all that *Licci* requires. HBL has represented that its affidavits will show otherwise, but at this time it is unclear what those affidavits might say—and in any event, plaintiffs should have the benefit of discovery to refute any factual assertions HBL offers with its motion to dismiss because the complaints' jurisdictional allegations are at least "colorable." *Ibid*. The Court is accordingly well within its discretion to order jurisdictional discovery at any time.

*Joint briefing schedule proposal*

The parties have met and conferred, and have agreed that instead of commencing jurisdictional discovery now, the best course of action is for HBL to first file its motion to dismiss and for plaintiffs to then assess HBL's motion and supporting affidavits to determine which facts are in dispute and whether those facts are material before deciding whether to seek jurisdictional discovery. The parties propose the following briefing schedule:

By February 4, 2022, HBL will file its motion to dismiss and any supporting affidavits.

By March 7, 2022, plaintiffs will either: (1) oppose the motion; (2) pursue jurisdictional discovery, whether by agreement with HBL or by motion for leave to take jurisdictional discovery (in which case plaintiffs' response to the motion to dismiss shall be held in abeyance pending the conclusion of any jurisdictional discovery taken by agreement or court order); or (3) amend their complaint.

If Plaintiffs oppose HBL's motion to dismiss, or amend their complaint, then the parties shall confer and propose a date by which HBL either will file its reply in support of its motion to dismiss, or respond to an amended complaint.

                                        Respectfully submitted,

                                        s/Tejinder Singh

                                        Goldstein & Russell, P.C.
                                        202.679.7007
                                        tsingh@goldsteinrussell.com