SUSMAN GODFREY L.L.P.

A REGISTERED LIMITED LIABILITY PARTNERSHIP

SUITE 3000
401 UNION STREET
SEATTLE, WASHINGTON 98101-2683
(206) 516-3880
FAX (206) 516-3883
WWW.SUSMANGODFREY.COM

SUITE 5100
1000 LOUISIANA STREET
HOUSTON, TEXAS 77002-5096
(713) 651-9366

SUITE 1400
1900 AVENUE OF THE STARS
LOS ANGELES, CALIFORNIA 90067-6029
(310) 789-3100

32ND FLOOR
1301 AVENUE OF THE AMERICAS
NEW YORK, NEW YORK 10019-6023
(212) 336-8330

IAN M. GORE
DIRECT DIAL (206) 505-3841

E-MAIL IGORE@SUSMANGODFREY.COM

November 2, 2022

VIA ECF

The Honorable Lorna G. Schofield
Thurgood Marshall United States Courthouse
40 Foley Square
New York, NY 10007

Re:     **Case Management Plan for *King v. Habib Bank Ltd.*, Case No. 20-cv-4322-LGS**

Dear Judge Schofield:

Pursuant to the Court's Opinion and Order regarding Defendant Habib Bank Limited's ("HBL") motion to dismiss, Dkt. No. 58, the parties hereby submit this joint letter regarding case management issues. The parties' joint proposed civil case management plan and scheduling order is attached to this letter. For the Court's convenience, this letter addresses only new issues raised since the parties' prior proposed case management plan, *see* Dkt. Nos. 34, 34-1, and in light of the Court's order on HBL's motion to dismiss.

**Jurisdictional Discovery**

On September 28, 2022, the Court denied HBL's motion to dismiss for lack of personal jurisdiction without prejudice to renewal. *See* Dkt. No. 58 at 4, 24. The Court's order indicated that, "[t]o the extent Defendant wishes to raise a factual challenge to jurisdiction, Defendant may renew its motion after jurisdictional discovery." *Id.* at 4. HBL intends to renew its jurisdictional challenge and proposes bifurcating jurisdictional and merits discovery, with any merits discovery to commence, if necessary, after the Court's resolution of its renewed motion. Plaintiffs do not oppose HBL's proposal, though the parties may dispute what the appropriate scope of jurisdictional discovery is. While specific discovery requests have yet to be served and disputes have not been raised to the Court at this time, the parties' respective preliminary positions are as follows:

*Plaintiffs' Position*

Plaintiffs understand jurisdictional discovery to include discovery relevant to any basis for personal jurisdiction alleged in the Complaints or argued based on the facts alleged in the Complaints as part of Defendant's motion to dismiss. While the Court's analysis on Defendant's motion to dismiss focused on a "purposeful availment" theory, the Court had no need to examine other bases of jurisdiction because it determined that personal jurisdiction was adequately plead on that theory alone. *See* Opinion & Order, Dkt. No. 58 at 7-8 ("Because the Complaints sufficiently alleged personal jurisdiction based on Defendant's own purposeful availment of the New York banking system and transacting business in New York in connection with the claims, there is no need to decide at this time whether the Complaints adequately plead other bases for personal jurisdiction."). Plaintiffs alleged multiple bases of personal jurisdiction and are therefore entitled to discovery relevant to each of them to prepare for Defendants' renewed challenge to personal jurisdiction. HBL's attempt to narrowly confine jurisdictional discovery to the purposeful availment theory is unwarranted.

Plaintiffs also understand jurisdictional discovery to include documents within Defendant's possession, custody, or control regardless of whether they are located in the United States, Pakistan, or elsewhere as long as they bear on the issue of the Court's jurisdiction. Thus, for example, in Plaintiffs' view, account opening records and Know Your Customer files in Pakistan for persons or entities on the bank's so-called "good guy" list would be highly relevant in testing Defendant's assertion that its New York branch "never processed transactions for the SDNs and that there were no sanctions violations among the 'good guy' list transactions." Def. Brief at p.8.

*Defendant's Position*

Because Plaintiffs plan to serve initial jurisdictional discovery requests within seven days after the case management order is entered (*see* Proposed Case Management Plan, § 8(b)), the Court should address any dispute over the scope of jurisdictional discovery in the concrete context of specific discovery requests, rather than in the abstract. If the Court opts to address the scope of jurisdictional discovery in advance of specific requests, then jurisdictional discovery should be limited to Plaintiffs' purposeful-availment jurisdictional theory on which the Court focused, specifically: HBL's alleged "purposeful availment of the privilege of doing business in New York" and, in particular, whether "Defendant … repeatedly processed transactions through its New York branch in aid of terrorism." Op. (Dkt. No. 58), at 4, 7. Purposeful-availment was the only jurisdictional theory that HBL challenged factually, through two declarations attesting that HBL never processed through the United States any transactions involving Specially Designated Global Terrorists ("SDGTs"), Foreign Terrorist Organizations ("FTOs"), any other party connected to al-Qaeda, or anyone described in the Complaints as a participant in the alleged "al-Qaeda Syndicate." Jurisdictional discovery is not necessary to address Plaintiffs' alternative theories of "purposeful direction" and "conspiracy" jurisdiction, because HBL did not challenge those alternative theories factually, but instead demonstrated that those theories are insufficient as a matter of law. *See* ECF 48, at 10-11; ECF 54, at 5-6.

District courts in this Circuit routinely confine jurisdictional discovery to purposeful-availment issues. *Singer v. Bank of Palestine*, No. 19-cv-006, 2021 U.S. Dist. LEXIS 177860, at *61 (E.D.N.Y. 2021) (ordering jurisdictional discovery to support allegations that "BOP used correspondent bank accounts in New York to issue large volumes of payments in U.S. dollars to organizations affiliated with Hamas"); *Vasquez v. H.K. & Shanghai Banking Corp.*, No. 18 Civ. 1876, 2019 U.S. Dist. LEXIS 90716, at *24 (S.D.N.Y. May 30, 2019) (ordering jurisdictional discovery as to whether "foreign bank[] …utilized in-district correspondent banks in the service of unlawful conduct"). Further, limiting jurisdictional discovery to these New York-centric issues will: (i) conform to the "generally accepted view that jurisdictional questions should be addressed before merits questions", *In re Terrorist Attacks on September 11, 2001*, No. 03-MD-01570, 2021 U.S. Dist. LEXIS 58357, at *286 (S.D.N.Y. Mar. 26, 2021); and, (ii) serve judicial efficiency and the comity interest in respecting Pakistani data privacy and bank secrecy laws, which do not apply to records located in the United States but do apply to HBL records located in Pakistan and thus require an international comity analysis. *Linde v. Arab Bank*, 706 F.3d 92, 98-99 (2d Cir. 2013) (applying international comity test to merits discovery implicating foreign bank secrecy laws).

******

To the extent issues arise regarding the appropriate scope of jurisdictional discovery, the parties will meet and confer in an attempt to resolve them and, failing agreement, will address those issues to the Court. To the extent the Court agrees with bifurcating discovery and to proceed first with jurisdictional discovery, the parties anticipate needing six (6) months for jurisdictional discovery, provided Defendant's production of documents located within the United States that are responsive to Plaintiffs' jurisdictional discovery requests is substantially complete within 60 days of receiving those requests, as set forth in the proposed order.[1] To the extent that the parties agree, or the Court orders, that HBL will produce documents located in Pakistan, the parties agree that additional time will be required in order to comply with Pakistani bank secrecy and data privacy laws.

**HBL's Answer to Complaint**

If the Court permits bifurcating jurisdictional and merits discovery, as Plaintiffs and Defendant have agreed herein, HBL proposes, and Plaintiffs do not oppose, an extension of its deadline to respond to the complaints in these consolidated actions to 14 days after the Court's decision on HBL's renewed challenge to jurisdiction.

**Bellwether Approach**

These consolidated actions include claims made by over 350 plaintiffs against HBL alleging involvement in financial support to terrorist groups operating within Afghanistan. Questions regarding liability are unlikely to be affected by evidence within the possession, custody, or control of the Plaintiffs. In order to streamline any merits discovery and promote judicial efficiency, the parties agree that a bellwether approach would be appropriate regarding merits discovery from Plaintiffs and trial, if necessary, following resolution of Defendant's renewed motion to dismiss for lack of jurisdiction. In such case, the parties propose selecting a number of bellwether Plaintiffs

---

[1] HBL understands its obligations to preserve evidence and confirms it has taken the steps necessary to comply with those obligations.

for purposes of merits discovery and trial and staying the claims of all other Plaintiffs. After a trial on the claims made by the bellwether Plaintiffs, discovery will proceed for the remaining Plaintiffs, if necessary. The parties propose submitting a more-detailed bellwether plan to the Court no later than 14 days after the Court's ruling on HBL's renewed challenge to jurisdiction.

/s/ Ian M. Gore
Ian M. Gore (IG2664)
SUSMAN GODFREY L.L.P.
401 Union Street, Suite 3000
Seattle, WA 98101
Tel: (206) 505-3841
Fax: (206) 516-3883
igore@susmangodfrey.com

Seth D. Ard (SA1817)
SUSMAN GODFREY L.L.P.
1301 Avenue of the Americas, 32nd Floor
New York, NY 10019
Tel: (212) 336-8330
Fax: (212) 336-8340
sard@susmangodfrey.com

Steven Sklaver (*Pro Hac Vice forthcoming*)
SUSMAN GODFREY L.L.P.
1900 Avenue of the Stars, Suite 1400
Los Angeles, CA 90067
Tel: (310) 789-3100
Fax: (310) 789-3150
ssklaver@susmangodfrey.com

Ryan Sparacino (*Pro Hac Vice*)
Tejinder Singh (TS0613)
SPARACINO PLLC
1920 L Street, NW
Suite 535
Washington, D.C. 20036
Tel: (202) 629-3530
ryan.sparacino@sparacinopllc.com
tejinder.singh@sparacinopllc.com

*Counsel for Plaintiffs*

/s/ Mitchell R. Berger
Mitchell R. Berger (MB-4112)
Alexandra E. Chopin (AC-2008)
Benjamin Wood (*Pro Hac Vice*)

SQUIRE PATTON BOGGS (US) LLP
1211 Avenue of the Americas, 26th Floor
New York, New York 10036

2550 M Street, NW
Washington, D.C. 20037

Tel: (202) 457-6000
Fax: (202) 457-6315
mitchell.berger@squirepb.com
alexandra.chopin@squirepb.com
benjamin.wood@squirepb.com

*Counsel for Defendant Habib Bank Limited*