UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| KEVIN KING, et al.,<br><br>        Plaintiffs,<br><br>    v.<br><br>HABIB BANK LIMITED,<br><br>        Defendant. | No. 20-cv-4322-LGS |
| KATHLEEN L. ALEXANDER, et al.,<br><br>        Plaintiffs,<br><br>    v.<br><br>HABIB BANK LIMITED,<br><br>        Defendant. | No. 21-cv-2351-LGS |
| MARY BORDER, et al.,<br><br>        Plaintiffs,<br><br>    v.<br><br>HABIB BANK LIMITED,<br><br>        Defendant. | No. 21-cv-6044-LGS |

**[PROPOSED] JOINT CIVIL CASE MANAGEMENT PLAN AND SCHEDULING ORDER**

LORNA G. SCHOFIELD, United States District Judge:

      This Civil Case Management Plan is submitted by the parties in accordance with Fed. R. Civ. P. 26(f)(3).

1. All parties [consent _____ / do not consent \_\_\_X\_\_\_] to conducting all further proceedings before a United States Magistrate Judge, including motions and trial. *See* 28 U.S.C. § 636(c). The parties are free to withhold consent without adverse substantive consequences. [*If all parties consent, the remaining paragraphs need not be completed.*]

2. The parties [have \_\_\_X\_\_\_ / have not _____] conferred pursuant to Fed. R. Civ. P. 26(f).

3. This case is governed by one of the following sets of rules, and the parties' proposed dates in this order have been adjusted accordingly.

    a.    An employment case governed by the Initial Discovery Protocols for Employment cases? https://nysd.uscourts.gov/hon-lorna-g-schofield.
[Yes _____ / No __X____]

    b.    A case governed by Local Civil Rule 83.10, Plan for Certain § 1983 Cases Against the City of New York? https://nysd.uscourts.gov/rules.
[Yes _____ / No __X____]

    c.    A patent case subject to the Local Patent Rules and the Court's Individual Rules? https://nysd.uscourts.gov/rules and https://nysd.uscourts.gov/hon-lorna-gschofield
[Yes _____ / No __X____]

    d.    A wage and hour case governed by Initial Discovery Protocols for Fair Labor Standards Act? https://nysd.uscourts.gov/hon-lorna-g-schofield.
[Yes _____ / No __X____]

4.    Alternative Dispute Resolution/Settlement

    a.    Settlement discussions [have _____ / have not __X____] taken place.

        Counsel for the parties have discussed an informal exchange of information in aid of early settlement and have agreed to exchange the following:
N/A_____

    b.    Counsel for the parties have discussed the use of the following alternate dispute resolution mechanisms for use in this case: (i) a settlement conference before a Magistrate Judge; (ii) participation in the District's Mediation Program; and (iii) retention of a private mediator. Counsel for the parties propose the following alternate dispute resolution mechanism for this case:

        Private Mediation_____

    c.    Counsel for the parties recommend that the alternate dispute resolution mechanism designated in paragraph 4(c) be employed at the following point in the case (e.g., within the next 60 days; after the deposition of plaintiff is completed (specify date); after the close of fact discovery):

        Within 30 Days After the Close of Fact Discovery_____

    **d.    The use of any alternative dispute resolution mechanism does not stay or modify any date in this Order.**

5.    No additional parties may be joined after February 1, 2023, without leave of Court. The parties have discussed Plaintiffs' intent to join additional plaintiffs during this action and are negotiating an agreement to make any such joinder efficient. For the Court's

information, Plaintiffs also have advised Defendant HBL that some of them intend to withdraw from the litigation.

6. Plaintiffs may file amended pleadings with leave of Court as provided for under the Court's rules.

7. Initial disclosures pursuant to Fed. R. Civ. P. 26(a)(1) shall be completed by December 7, 2022.

8. Fact Discovery.

   The parties have proposed dates for the events in Paragraph (8) (a-f) below but recognize that these dates may necessitate change depending on various factors, such as compliance with New York and federal law concerning the confidentiality of bank-supervision records, and Pakistani bank secrecy and data privacy laws. Specifically, in a complex case of this kind, involving numerous plaintiffs asserting personal injury claims based on conduct occurring in multiple countries, it is extremely difficult to predict the completion of fact discovery. The parties will, however, act with diligence in pursuing discovery. It is also unclear at this stage precisely what liability discovery will be available and how difficult recovery of electronically stored information ("ESI") will be (if at all). Therefore, all dates set forth below are best estimates based on currently available information, subject to future rulings and case management orders of the Court.

   a. All fact discovery shall be completed no later than ~~6 months following the Court's entry of this order~~ ~~May 18, 2023.~~ November 17, 2023. This case presents unique complexities related to the nature of Plaintiffs' claims and the need to obtain relevant documents and witnesses in Pakistan and potentially in Afghanistan. Recent cases in this geographic region have required additional time due to local country bank secrecy and privacy laws, Covid-related delays and related employee absences and reduced office hours, and similar additional time may be appropriate here.

   b. Initial requests for production of documents pursuant to Fed. R. Civ. P. 34 shall be served no later than 7 days following the entry of this order.

   c. Production of responsive documents shall be made on a rolling basis. Each time a party issues written requests for such documents (*e.g.,* First Requests, Second Requests, Third Requests, etc.), the responding party shall have substantially completed its document productions within 60 days of the issuance of those requests. Do the parties anticipate e-discovery? [Yes ___X___ / No _____]

   d. Interrogatories issued pursuant to Fed. R. Civ. P. 33 shall be served no later than 5 months following the entry of this order, or 30 days prior to any extended deadline for fact discovery.

 e. Fact depositions pursuant to Fed. R. Civ. P. 30 and 31 shall be completed no later than 14 days before the 6-month close of fact discovery or prior to any extended deadline for fact discovery.

 f. Requests to admit pursuant to Fed. R. Civ. P. 36 shall be served by no later than 30 days before the 6-month close of fact discovery or prior to any extended deadline for fact discovery

 **g.** **Any of the deadlines in paragraphs 8(b) through 8(f) may be extended by the written consent of all parties without application to the Court, provided that all fact discovery is completed by the date set forth in paragraph 8(a).**

9. Expert Discovery

 a. Anticipated types of experts if any:

  **Plaintiffs' Response**: Terrorism finance, international banking, due diligence of banking customers, terrorism networks, medical, explosive ordnance disposal / forensics.

  **Defendant's Response**: This case involves both technical and complex financial systems processes and procedures in and outside the U.S., issues specific to measures to prevent terrorism financing, terrorist activity, and historical conflict and terrorist activity in Afghanistan. The majority of potentially relevant documents and witnesses are located in Pakistan, and potentially Afghanistan, and implicate multiple spoken and written languages requiring live translators and certified written translations. Defendant anticipates that it would obtain expert testimony at least with respect to: (i) banking and international financial systems and transfers; (ii) United States and international banking standards and regulations; (iii) banking policies and procedures of Defendant; and, (iv) measures to counter terrorism financing and related operations, both in Pakistan and elsewhere.

 b. If you have identified types of experts in question 9(a), all expert discovery shall be completed no later than ~~90 days after the close of fact discovery. August 18, 2023.~~ February 16, 2024

 c. If you have identified types of experts in question 9(a), by February 1, 2023, or no later than 4 months before the close of any fact discovery, whichever is later, the parties shall meet and confer on a schedule for expert disclosures, including reports and production of underlying documents and depositions, provided that (i) expert report(s) of the party with the burden of proof shall be due before those of the opposing party's expert(s); and, (ii) all expert discovery shall be completed by the date set forth in paragraph 9(b).

10. This case [is __X____ / is not _____] to be tried to a jury.

11. Counsel for the parties have conferred and their present best estimate of the length of trial is 3 weeks.

12. Other issues to be addressed at the Initial Pretrial Conference, including those set forth in Fed. R. Civ. P. 26(f)(3), are set forth below:

    - Bellwether Approach in Fact Discovery.

13. Status Letters and Conferences

    a. By ~~60 days after the commencement of fact discovery,~~ January 17, 2023 and every 45 days thereafter the parties shall submit a joint status letter, as outlined in Individual Rule IV.A.2.

    b. By ~~14 days after the close of fact discovery,~~ ~~June 1, 2023~~ December 1, 2023 the parties shall submit a joint status letter, as outlined in Individual Rule IV.A.2 and, if they have not already been referred for settlement discussions, shall also advise the Court whether or not they request a referral for settlement discussions as provided in Paragraph 4(c) above.

    c. On ~~14 days after the close of all discovery at _____ A.M.~~ March 6, 2024 ~~September 6, 2023,~~ at 4:20 P.M. [usually 14 days after the close of all fact and expert discovery], a pre-motion conference will be held for any anticipated dispositive motions, provided:

        i. A party wishing to file a summary judgment or other dispositive motion shall file a pre-motion letter at least two weeks before the conference and in the form provided in the Court's Individual Rule III.A.1. Any party wishing to oppose shall file a responsive letter as provided in the same Individual Rule. The motion will be discussed at the conference.

        ii. If no pre-motion letter is timely filed, this conference will be canceled and the matter placed on the Court's trial-ready calendar. The parties will be notified of the assigned trial-ready date and the filing deadlines for pretrial submissions. The parties are warned that any settlement discussions will not stay pretrial deadlines or the trial date.

This Order may not be modified, or the dates herein extended, except as provided in paragraph 8(g) or by further Order of this Court for good cause shown. Any application to modify or extend the dates herein, except as provided in paragraph 8(g), shall be made in a written application in accordance with the Court's Individual Rules and shall be made no less than 2 business days prior to the expiration of the date sought to be extended.

Notwithstanding any other rules governing discovery or other deadlines, the parties shall follow the deadlines set forth herein unless expressly ordered otherwise by the Court.

The Clerk of Court is directed to enter the dates under paragraphs 5, 6, 8(a), 9(b)-(c) and 13(a)-(c) into the Court's calendar.

SO ORDERED.

Dated: ~~November 21, 2022~~ March 1, 2023
New York, New York

- 5 -

**LORNA G. SCHOFIELD**
**UNITED STATES DISTRICT JUDGE**

Counsel for the Parties:

*/s/ Ian M. Gore*
Ian M. Gore (IG2664)
SUSMAN GODFREY L.L.P.
401 Union Street, Suite 3000
Seattle, WA 98101
Tel: (206) 505-3841
Fax: (206) 516-3883
igore@susmangodfrey.com

Seth D. Ard (SA1817)
SUSMAN GODFREY L.L.P.
1301 Avenue of the Americas, 32nd Floor
New York, NY 10019
Tel: (212) 336-8330
Fax: (212) 336-8340
sard@susmangodfrey.com

Steven Sklaver (*Pro Hac Vice forthcoming*)
SUSMAN GODFREY L.L.P.
1900 Avenue of the Stars, Suite 1400
Los Angeles, CA 90067
Tel: (310) 789-3100
Fax: (310) 789-3150
ssklaver@susmangodfrey.com

Ryan Sparacino (*Pro Hac Vice*)
Tejinder Singh (TS0613)
SPARACINO PLLC
1920 L Street, NW
Suite 535
Washington, D.C. 20036
Tel: (202) 629-3530
ryan.sparacino@sparacinopllc.com

tejinder.singh@sparacinopllc.com

*Counsel for Plaintiffs*


/s/ Mitchell R. Berger
Mitchell R. Berger (MB-4112)
Alexandra E. Chopin (AC-2008)
Benjamin Wood (*Pro Hac Vice*)

SQUIRE PATTON BOGGS (US) LLP
1211 Avenue of the Americas, 26thFloor
New York, New York 10036

2550 M Street, NW
Washington, D.C. 20037

Tel: (202) 457-6000
Fax: (202) 457-6315
mitchell.berger@squirepb.com
alexandra.chopin@squirepb.com
benjamin.wood@squirepb.com

*Counsel for Defendant Habib Bank Limited*