**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

-------------------------------------------------------------x

KEVIN KING, et al.,                              :
                                                 :
                    Plaintiffs,                  :        20-CV-4322 (LGS) (OTW)
                                                 :
                    -against-                    :        **ORDER**
                                                 :
HABIB BANK LIMITED,                              :
                                                 :
                    Defendant.                   :
                                                 :
                                                 :
-------------------------------------------------------------x

**ONA T. WANG**, **United States Magistrate Judge**:

I.      **INTRODUCTION**

Plaintiffs, American nationals or surviving family members of American nationals,

brought this action against Defendant Habib Bank Limited ("Defendant") under the Anti-

Terrorism Act ("ATA") as amended by the Justice Against Sponsors of Terrorism ACT ("JASTA"),

18 U.S.C. § 2333(a) and (d), in connection to a series of attacks in Afghanistan in 2010 through

2019 by a syndicate of terrorist organizations led by al-Qaeda ("Syndicate"). (ECF 1 at 1). On

September 28, 2022, the Honorable Lorna G. Schofield granted in part and denied in part

Defendant's motion to dismiss under Fed. R. Civ. P. 12(b)(2) and (6). (ECF 58). The Court

dismissed Plaintiffs' primary liability claims and allowed the two secondary liability claims to

proceed. (ECF 58). On March 10, 2023, Judge Schofield referred this matter to me for general

pretrial management. (ECF 98).

Plaintiffs filed requests for pre-motion conferences for two motions to compel: (1) to

compel Defendant to expand the temporal scope of its document collection and production

(ECF 94); and (2) to compel Defendant to search for documents related to 41 individuals and

entities, and to provide verified interrogatory responses for Interrogatory Nos. 6, 7(d), and 9 (ECF 101).[1] The Court has reviewed the parties' briefing on both motions. (ECF 94, 97, 100, 101, 104, 105, 106, 108, 109, 110, 111, 112, 113).

For the following reasons, Plaintiff's first motion to compel, for Defendant to expand the temporal scope, is **GRANTED**. Plaintiff's second motion to compel is **GRANTED in part and DENIED in part:** Plaintiff's motion to compel Defendant to search for documents related to 41 individuals and entities is **GRANTED**; Plaintiff's motion to compel verified interrogatory responses is **DENIED without prejudice** as premature. Defendant's motion for leave to respond to Plaintiff's reply is **DENIED**. (ECF 111).

The Defendant's motion to seal Defendant's March 29, 2023, letter brief is **GRANTED**. (ECF 103). The parties' joint motion to seal Plaintiffs' April 12, 2023, letter brief is also **GRANTED**. (ECF 107).

## II. DISCUSSION

Fed. R. Civ. P. 26(b)(1) states that "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." "A party may serve on any other party a request" to produce documents within the scope of Rule 26(b). Fed. R. Civ. P. 34(a). "A party seeking discovery may move for an

---

[1] Plaintiffs initially referred to 42 individuals and entities (ECF 101), but Defendant agreed to search for one of the disputed names, leaving 41 still in dispute. (ECF 108 at 108 n.2).

order compelling an answer, designation, production, or inspection" if "a party fails to produce

documents ... as requested under Rule 34." Fed. R. Civ. P. 37(a)(3)(B).

Relevance under Fed. R. Civ. P. 26(b)(1) "is an extremely broad concept." *Trilegiant*

*Corp. v. Sitel Corp.*, 272 F.R.D. 360, 363 (S.D.N.Y. 2010) (quoting *Condit v. Dunne*, 225 F.R.D. 100,

105 (S.D.N.Y. 2004)). Discovery requests should be "reasonably calculated to lead to the

discovery of admissible evidence." *Id.* (citing Fed. R. Civ. P. 26(b)(1)). The party seeking

discovery has the burden to demonstrate relevance. *See Fort Worth Employees' Ret. Fund v. J.P.*

*Morgan Chase & Co.*, 297 F.R.D. 99, 102 (S.D.N.Y. 2013).

The responding party may limit discovery even if the discovery is relevant. *See Fireman's*

*Fund Ins. Co. v. Great Am Ins. Co. of New York*, 284 F.R.D. 132, 135 (S.D.N.Y. 2012). "Even if the

sought-after documents are relevant, the court must limit discovery if the request is

'unreasonably cumulative or duplicative,' the requesting party has had 'ample opportunity to

obtain the information by discovery,' or the 'burden or expense of the proposed discovery

outweighs its likely benefit' considering the needs of the case and importance of the

documents.'" *Fort Worth*, 297 F.R.D. at 102 (citing Fed. R. Civ. P. 26(b)(2)(C)). However, "general

and conclusory objections as to relevant, overbreadth, or burden are insufficient to exclude

discovery of requested information." *Id.* (quoting *Melendez v. Greiner*, 01-cv-7888 (SAS) (DF),

2003 WL 22434101, at *1 (S.D.N.Y. Oct. 23, 2003)).

Plaintiffs have satisfied their burden of showing the relevance of expanding the

temporal scope of discovery to include the time period of January 1, 2006, to December 31,

2009. "There is no bright line rule capable of helping a court fix the appropriate look-back

period for every case." *In re Terrorist Attacks on Sept. 11, 2001*, 03-MD-1570 (GBD) (SN), 2021

WL 5449825, at *4 (S.D.N.Y. Nov. 22, 2021). While four years before the date of the first alleged terrorist attack at issue on January 1, 2010, the complexity of the formation of the syndicate of terrorist organizations, and the 2006 investigation of the Defendant by the Federal Reserve System ("FR") and New York Department of Financial Services ("NY DFS") meet the "relatively low threshold" needed to show the earlier material is relevant. *In re Terrorist Attacks on Sept. 11, 2001*, 03-MD-1570 (GBD) (SN), 2018 WL 4237470, at *7 (S.D.N.Y. Aug. 29, 2018). *See also In re Terrorist Attacks*, 2021 WL 5449825, at *4 (finding January 1, 1998, approximately three and a half years before the attacks on Sept. 11, 2001, appropriate). The same applies to Plaintiffs' motion to compel Defendant to search for documents related to the 41 individuals and entities. Plaintiffs identified the relevance behind each individual and entity to the claims at issue (ECF 108 Ex. A) after Defendant argued that Plaintiff "refus[ed]" to proffer any explanations. (ECF 104).

Defendant's objections are insufficient. Even after the Court ordered supplemental briefing on proportionality (ECF 102), Defendant relies on general claims of an "enormous logistical burden," a "prolonged, extraordinary effort," and "enormously expensive" costs to obtain the records because they are not within Defendant's centralized electronic system. (ECF 97, 104). Defendant relied on similar general claims of discovery burdens in objection to the 41 individuals and entities, arguing that 9,600 hours spent reviewing approximately 750,000 documents for prior search terms meant that further discovery would be "punitive." (ECF 104).

Defendant did not show how the 41 individual and entities in addition to 67[2] would be burdensome with sufficient specificity, particularly considering the actual number of individuals and entities involved and the actual process (undisclosed) taken to search and review documents. Notably, where Courts have denied motions to compel in the cases cited to by Defendant, the number of individuals and entities already searched were higher compared to the case at hand. *See Bartlett v. Societe Generale de Banque*, 2023 WL 2734641, at *5 (E.D.N.Y. Mar. 31, 2023) (95 individuals and entities requested in addition to 592 named in the complaint); *Averbach v. Cairo Amman Bank*, 2022 WL 17730096 (S.D.N.Y. Dec. 16, 2022) (85 individuals and entities requested in addition to the 15,545 individuals and entities searched by the same parties in a different matter). Finally, voluminous search requirements do not excuse discovery, "particularly in light of the importance of the discovery at issue here and the indisputable fact that [the] Defendant is the singular source for their own internal records." *Bartlett*, 2023 WL 2734641 at *8.

The Clerk of Court is respectfully directed to close ECF 94, 100, 101, 103, 107, and 111.

**SO ORDERED.**

_s/ Ona T. Wang_

Dated: April 21, 2023
     New York, New York

**Ona T. Wang**
United States Magistrate Judge

---

[2] It is unclear from the briefing exactly how many individuals and entities have already been searched, or whether Defendant has engaged in any attempt to make such search and review more efficient. Defendant argues that Plaintiff requested two groups: 67 persons and entities named in the complaint ("Group 1"), and 254 who were not ("Group 2"). (ECF 104 at 1). Defendant only takes issue with Group 2. (ECF 104 at 1). Plaintiff argues out of Group 2, only 41 individuals and entities are actually at issue. (ECF 108 at 1). The Court assumes the 67 individuals and entities not in dispute in Group 1 have already been searched.