UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------- X
                                                              :
KEVIN KING, ET AL.,                                           :
                                     Plaintiffs,              :
                                                              :   20 Civ. 4322 (LGS)
                    -against-                                 :
                                                              :
HABIB BANK LIMITED,                                           :
                                     Defendant.               :
------------------------------------------------------------- X
                                                              :
KATHLEEN L. ALEXANDER, ET AL.,                                :
                                     Plaintiffs,              :
                                                              :   21 Civ. 2351 (LGS)
                    -against-                                 :
                                                              :
HABIB BANK LIMITED,                                           :
                                     Defendant.               :
------------------------------------------------------------- X
                                                              :
MARY BORDER, ET AL.,                                          :
                                     Plaintiffs,              :
                                                              :   21 Civ. 6044 (LGS)
                    -against-                                 :
                                                              :   **OPINION AND ORDER**
HABIB BANK LIMITED,                                           :
                                     Defendant.               :
------------------------------------------------------------- X

LORNA G. SCHOFIELD, District Judge:

WHEREAS, the Opinion and Order dated September 28, 2022, ("*King I*") granted Defendant's motion to dismiss with respect to the Complaints' primary liability claims and denied the motion with respect to their secondary liability claims, specifically the claims for aiding-and-abetting and conspiracy liability;

WHEREAS, on August 8, 2023, Defendant filed a motion for reconsideration of *King I*'s holding on the secondary liability claims under the Anti-Terrorism Act ("ATA"), 18 U.S.C. § 2333(d)(2), asserting that those claims should now be dismissed based on two purported

changes of law in: (1) the May 18, 2023, Supreme Court decision in *Twitter, Inc. v. Taamneh*, 598 U.S. 471 (2023), and (2) the January 5, 2023, Second Circuit decision in *Freeman v. HSBC Holdings PLC*, 57 F.4th 66 (2d Cir. 2023);

WHEREAS, "[a] party may move for reconsideration and obtain relief only when the party identifies an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." *Cho v. Blackberry Ltd.*, 991 F.3d 155, 170 (2d Cir. 2021).[1] Local Civil Rule 6.3 states that "a notice of motion for reconsideration . . . of a court order determining a motion shall be served within fourteen (14) days after the entry of the Court's determination of the original motion." "Courts, however, may disregard the deadline imposed by Local Civil Rule 6.3 when justice so requires." *DuBois v. City of White Plains*, No. 16 Civ. 7771, 2023 WL 3304678, at *2 (S.D.N.Y. May 8, 2023). "Justice requires the exercise of this discretion when, for example, there is an intervening change in controlling law, such as the issuance of a relevant United States Supreme Court decision." *Fersel v. Paramount Med. Servs., P.C.*, No. 18 Civ. 2448, 2022 WL 14813738, at *3 (E.D.N.Y. Oct. 26, 2022);

WHEREAS, this opinion considers the merits of Defendant's motion because an intervening change in controlling law is alleged. "The standard for granting such a motion is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked -- matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." *Cho*, 991 F.3d at 170. The decision to grant or deny a motion for reconsideration rests within "the sound discretion of the

---

[1] Unless otherwise indicated, in quoting cases, all internal quotation marks, alterations, emphases, footnotes and citations are omitted.

district court." *Aczel v. Labonia*, 584 F.3d 52, 61 (2d Cir. 2009); *accord Suarez v. United States*, No. 17 Civ. 133, 2022 WL 1078436, at *2 (S.D.N.Y. Apr. 11, 2022);

WHEREAS, a movant bears a substantial burden when urging the district court to depart from binding Second Circuit precedent on the basis of an asserted intervening change in controlling law.  For a district court to ignore binding Second Circuit precedent, it is not enough for a Supreme Court decision to be in tension with that precedent.  *See Monsanto v. United States*, 348 F.3d 345, 351 (2d Cir. 2003); *accord In re Mexican Gov't Bonds Antitrust Litig.*, No. 18 Civ. 2830, 2022 WL 950955, at *3 (S.D.N.Y. Mar. 30, 2022).  "It must be all but certain that the Second Circuit precedent will be overruled." *In re Mexican Gov't Bonds Antitrust Litig.*, 2022 WL 950955, at *3.  In other words, the district court must follow Second Circuit precedent "unless and until it is overruled in a precedential opinion by the Second Circuit itself or unless a subsequent decision of the Supreme Court so undermines it that it will almost inevitably be overruled by the Second Circuit." *United States v. Diaz*, 122 F. Supp. 3d 165, 179 (S.D.N.Y. 2015); *see also United States v. Dupree*, No. 16 Crim. 84, 2016 WL 10703796, at *4 (E.D.N.Y. Aug. 29, 2016), *aff'd*, 767 F. App'x 181 (2d Cir. 2019) (determination of whether Second Circuit precedent has been overruled "should almost always be left to the Circuit to reconsider its prior decision").

### *Twitter* as a Basis for Reconsideration

WHEREAS, the Supreme Court's decision in *Twitter* does not constitute a change in intervening law that warrants reconsideration of *King I*.  In *Twitter*, the Supreme Court held that the plaintiffs had failed to state a claim for secondary liability under the ATA when they alleged that social media companies -- Facebook, Inc., Google, Inc. and Twitter, Inc. -- aided and abetted a terrorist attack carried out by the Islamic State of Iraq and Syria.  *Twitter*, 598 U.S. at 478.  The

"central question" before the Court was whether the defendants' conduct constituted aiding and abetting "by knowingly providing substantial assistance, such that they [could] be held liable" for the terrorist attack. *Id.* at 484. The Court's answer was no. *Id.* at 506-07.

The Court first concluded that "aids and abets," in the context of § 2333(d)(2), "refers to a conscious, voluntary, and culpable participation in another's wrongdoing." *Id.* at 493. By contrast, allegations of "mere passive nonfeasance" do not suffice to state a claim absent "a strong showing of assistance and scienter." *Id.* at 500. The Court also stressed that the twin requirements of "knowing" and "substantial" assistance worked in tandem, "with a lesser showing of one demanding a greater showing of the other." *Id.* at 491-92.

The Court next held that the defendant in a § 2333(d)(2) action "must aid and abet a tortious act" to be held liable. *Id.* at 494. In other words, "a defendant must have aided and abetted . . . another person *in the commission of the actionable wrong* -- here, an act of international terrorism." *Id.* at 495 (emphasis added). However, the Court cautioned against overstating the nexus "between the alleged assistance and the wrongful act." *Id.* "[A]iding and abetting does not require the defendant to have known all particulars of a primary actor's plan." *Id.* Importantly, "people who aid and abet a tort can be held liable for other torts that were a foreseeable risk of the intended tort." *Id.* at 496.

WHEREAS, the holdings in *Twitter* largely align with the Second Circuit precedent cited in *King I*. In *Twitter*, the Supreme Court embraced the legal framework in the D.C. Circuit's decision, *Halberstam v. Welch*, 705 F.2d 472, 484 (D.C. Cir. 1983). Congress designated *Halberstam* as the appropriate touchstone for assessing civil aiding-and-abetting claims under the ATA, including *Halberstam*'s six-factor balancing test for determining substantiality of assistance. *Twitter*, 598 U.S. at 492-93. *Twitter* stressed that *Halberstam*'s six factors should be

viewed as a framework with a common conceptual core designed to assess the level of participation in another's wrongdoing, rather than as "a sequence of disparate, unrelated considerations." *Id.* at 504.  Similarly, in line with Second Circuit precedent that also adopted the *Halberstam* framework, *King I* analyzed the *Halberstam* factors as "variables" to be assessed holistically, with no one factor dispositive of the outcome.  *See King I*, No. 20 Civ. 4322, 2022 WL 4537849, at *10 (S.D.N.Y. Sept. 28, 2022) (quoting *Kaplan v. Lebanese Canadian Bank, SAL*, 999 F.3d 842, 857 (2d Cir. 2021)).  While *Twitter* cautioned against an approach that "too rigidly" focuses on *Halberstam*'s elements and facts, it ultimately re-affirmed "*Halberstam*'s common-law framework as the primary guidepost for understanding the scope of § 2333(d)(2)." *Twitter*, 598 U.S. at 493.

In *Twitter*, the Supreme Court repeatedly emphasized that aiding-and-abetting liability must stem from "conscious, voluntary, and culpable participation in another's wrongdoing." *Id.* This is consistent with *King I*'s description of what constitutes "knowing" assistance: "[t]he requirement that assistance be 'knowing' is satisfied if the 'defendant knowingly -- *and not innocently or inadvertently* -- gave assistance.'" *King I*, 2022 WL 4537849, at *8 (emphasis added).

Defendant's argument that *Twitter* contravenes *King I*'s analysis because it rejected a conflation of the "knowing" and "general awareness" requirements is unconvincing.  Although *Twitter* faulted the Ninth Circuit for "analyz[ing] the 'knowing' subelement as a carbon copy of the antecedent" general awareness element, *see* 598 U.S. at 503, *King I*'s holding as to the "knowing" requirement did not rest exclusively on the preceding "general awareness" analysis. The analysis of "knowing" assistance as assistance that is neither innocent nor inadvertent goes beyond the "general awareness" analysis, and is consistent with *Twitter*'s holding that the

"knowing" requirement is "designed to capture the defendants' state of mind with respect to their actions and the tortious conduct." *Id.* at 504.

Defendant also argues that *Twitter*'s strengthening of the required nexus between a defendant's alleged assistance and the wrongful act constitutes a change in law that abrogates Second Circuit precedent.  This reading of the *Twitter* nexus requirement is too narrow.  While the Supreme Court emphasized the significance of the nexus between the assistance and a specific act of terrorism, it also left room for "the possibility that some set of allegations involving aid to a known terrorist group would justify holding a secondary defendant liable for all of the group's actions or perhaps some definable subset of terrorist acts." *Twitter*, 598 U.S. at 502.  For example, if a "provider of routine services does so in an unusual way," those actions might well "constitute aiding and abetting a foreseeable terrorist attack." *Id.*  Consistent with these principles, *King I* held that "the Complaints sufficiently allege that Defendant provided non-'routine' banking services to terrorists and their allies," *King I*, 2022 WL 4537849, at *10, placing Defendant in a category of defendants that the Second Circuit has found secondarily liable based on their "special treatment of the terrorist-affiliated Customers." *Id.* (quoting *Kaplan*, 999 F.3d at 866);

WHEREAS, insofar as any portion of the *Twitter* decision might be said to stand in tension with *King I*, reconsideration still is not warranted.  Under the appropriate standard of review, intervening Supreme Court law that is "in tension" with Second Circuit precedent is not enough to warrant reconsideration. *See In re Mexican Gov't Bonds Antitrust Litig.*, 2022 WL 950955, at *3.  For a district court to ignore binding Second Circuit precedent, the intervening change in Supreme Court law must so thoroughly undermine pre-existing precedent "that it will almost inevitably be overruled by the Second Circuit." *See Diaz*, 122 F. Supp. 3d at 179.

Because the decision in *Twitter* does not suggest an inevitable overruling by the Second Circuit of its own precedent, *Twitter* does not warrant reconsideration of *King I*'s ruling on the aiding-and-abetting claim.

### *Freeman* as a Basis for Reconsideration

WHEREAS, the Second Circuit's decision in *Freeman* does not constitute a change in intervening law that warrants reconsideration of *King I*'s ruling on the conspiracy claim.  In *Freeman,* the Second Circuit held that the plaintiffs had failed to state a conspiracy claim under the ATA because they did not sufficiently allege that the defendants, U.S. and international financial institutions, had conspired with terrorist groups in the course of working with Iranian entities to evade U.S. sanctions.  *Freeman*, 57 F.4th at 72-73.  The complaint did not allege "any fact suggesting that the [defendants] conspired -- either *directly or indirectly* -- with the terrorist perpetrators."  *Id.* at 79.  The Second Circuit explained that under the ATA, a complaint must allege an agreement between two or more persons to participate in an unlawful act, and that the alleged coconspirators were "pursuing the same object."  *Id.*  Because the complaint failed to allege any "common intent" between the defendant banks and the terrorist groups, dismissal was proper.  *Id.* at 80;

WHEREAS, rather than overturn existing Second Circuit precedent, *Freeman* clarified the law in ways that support *King I*'s ruling.  *Freeman*'s holding that allegations of either direct or indirect interaction are sufficient to state a claim for conspiracy liability supports *King I*'s conclusion that the ATA does not require "that each member of a conspiracy conspire directly with every other member of it."  *King I*, 2022 WL 4537849, at *11;

WHEREAS, the Complaints here, unlike in *Freeman*, plead facts alleging a "common intent" shared by Defendant and terrorist organizations such as al-Qaeda: "driving the U.S.

7

military out of Afghanistan." *Id.* at *10. *King I* made the plausible inference that "Defendant had an agreement to further its customers' campaign of terrorism and shared a common purpose to do so." *Id.*

Defendant asserts that the Complaints do not allege facts sufficient to establish "any conspiracy at all," much less a conspiracy "to commit terrorist acts." But that is not the issue for purposes of evaluating a motion for reconsideration. The proper inquiry is whether *Freeman* changed the law in the Second Circuit for assessing conspiracy liability so as to compel a different result. Because it did not, reconsideration of *King I*'s ruling on the conspiracy claim is unwarranted. It is hereby

**ORDERED** that Defendant's motion for reconsideration of *King I*'s rulings on Defendant's motion to dismiss is DENIED.

The Clerk of Court is respectfully directed to close the motion at Dkt. No. 159.

Dated: December 1, 2023
      New York, New York

                                                     LORNA G. SCHOFIELD
                                                 UNITED STATES DISTRICT JUDGE