UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------x
KEVIN KING, et al.,                                        :
                                                           :
                           Plaintiffs,                     :     20-CV-4322 (LGS) (OTW)
                                                           :
               -against-                                   :     **ORDER**
                                                           :
HABIB BANK LIMITED,                                        :
                                                           :
                           Defendant.                      :
                                                           :
------------------------------------------------------------x

**ONA T. WANG**, **United States Magistrate Judge**:

**I.      INTRODUCTION**

Plaintiffs, American nationals or surviving family members of American nationals, brought this action against Defendant Habib Bank Limited ("Defendant") under the Anti-Terrorism Act ("ATA") as amended by the Justice Against Sponsors of Terrorism ACT ("JASTA"), 18 U.S.C. § 2333(a) and (d), in connection to a series of attacks in Afghanistan in 2010 through 2019 by a syndicate of terrorist organizations led by al-Qaeda ("Syndicate"). (ECF 1 at 1). On September 28, 2022, the Honorable Lorna G. Schofield granted in part and denied in part Defendant's motion to dismiss under Fed. R. Civ. P. 12(b)(2) and (6). (ECF 58). Judge Schofield dismissed Plaintiffs' primary liability claims and allowed the two secondary liability claims to proceed. (ECF 58). On March 10, 2023, Judge Schofield referred this matter to me for general pretrial management. (ECF 98).

Plaintiff seeks disclosure of documents from March 2016 to March 2017 relating to an engagement between Defendant and FTI Consulting ("FTI"). *See* ECF Nos. 153 and 164. Defendant undertook this third-party engagement at the direction of the Federal Reserve Bank

of New York ("Federal Reserve") and the New York State Department of Financial Services ("DFS") (collectively, the "Regulators"). *Id.* Defendant asserts that it is prohibited from producing these materials under federal and New York law because they qualify as confidential supervisory information ("CSI") over which the Regulators have asserted the bank examination privilege. *See* ECF 153 at 10-11.

The Court held an in-person status conference on May 25, 2023, at which the Regulators appeared. (ECF 136). On May 26, 2023, I denied without prejudice Plaintiffs' motion to compel materials over which the Regulators had claimed privilege. (ECF 133). I ordered Defendant to produce on a rolling basis an itemized privilege log for categories 4, 6, and 8-11 on its categorical privilege log. *Id.*[1] At an in-person status conference on July 18, 2023, I further directed Defendant to provide an index of a subset of materials relating to the engagement between Defendant and FTI (the "FTI Index"). (ECF Nos. 148 and 153). Defendant served the FTI Index on Plaintiff on July 28, 2023. (ECF 148).

On August 25, 2023, pursuant to the Court's order to submit monthly status letters, the parties submitted a joint status letter proposing a procedure for *in camera* review of documents withheld by Defendant due to the Regulators' assertion of this privilege. (ECF 164 at 8). I approved the parties' proposed procedure on September 8, 2023. (ECF 171).

I have completed my *in camera* review of the submitted documents. I find that the materials in the FTI Index are not privileged and should be produced.

---

[1] These categories include: 1) "internal HBL documents and communications relating to non-final" third-party reports; 2) "documents and communications created or prepared for" third parties; and 3) "documents and communications with or relating to" third parties retained as a result of a federal or state regulatory order. *See* ECF 115-1.

## II. DISCUSSION

Defendant asserts that it is prohibited from disclosing the materials in the FTI Index because they qualify as "confidential supervisory information" ("CSI") under federal and state law that the Regulators have not given them permission to disclose. Defendant cites to 12 C.F.R. §§ 261.2(b)(1) and 261.24, and N.Y. Banking Law § 36(10). 12 C.F.R. § 261.2(b)(1) defines CSI as:

> nonpublic information that is exempt from disclosure pursuant to 5 U.S.C. 552(b)(8) and includes information that is or was created or obtained in furtherance of the Board's supervisory, investigatory, or enforcement activities, including activities conducted by a Federal Reserve Bank (Reserve Bank) under delegated authority, relating to any supervised financial institution, and any information derived from or related to such information. . . . Additionally, any portion of a document in the possession of any person, entity, agency or authority, including a supervised financial institution, that contains or would reveal confidential supervisory information is confidential supervisory information.

12 C.F.R. § 261.24, in turn, prohibits disclosure of CSI "[u]nless authorized by the Board or *as ordered by a Federal court in a judicial proceeding in which the Board has had the opportunity to appear and oppose discovery*." (emphasis added). Similarly to the federal regulations, N.Y. Banking Law § 36(10) defines as confidential "[a]ll reports of examinations and investigations, correspondence and memoranda concerning or arising out of such examination and investigations[.]" Materials designated confidential under N.Y. Banking Law § 36(10) may also be produced in civil litigation by court order. *See Rouson ex rel. Estate of Rouson v. Eicoff*, No. 04-CV-2734, 2006 WL 2927161, at *4 (E.D.N.Y. Oct. 11, 2006) (assertions of privilege over confidential records are governed by federal common law); *Stratford Factors v. New York State Banking Dep't*, 197 N.Y.S.2d 375, 380 (App. Div. 1st Dep't 1960) (court may not accept "blanket, unilateral assertion of privilege" over confidential materials without *in camera* inspection).

The relevant inquiry is not, therefore, whether the documents in the FTI Index contain CSI, but whether there is a basis for this Court to order Defendants to produce them in discovery notwithstanding their confidential status. The concerns implicated by confidentiality, i.e., risk of public disclosure, are very different from those implicated by production in discovery, where confidential information may be protected from disclosure by a court-enforced protective order.

The privilege that the Regulators appear to be asserting is the bank examination privilege. *See* ECF Nos. 115-2, 115-3, 136-1 at 23-24. "[T]he bank examination privilege is a qualified privilege that protects communications between banks and their examiners in order to preserve absolute candor essential to the effective supervision of banks." *Wultz v. Bank of China Ltd.*, 61 F.Supp.3d 272, 282 (S.D.N.Y. 2013) (internal quotations omitted). This privilege may be asserted only by the regulatory agencies themselves, "and may not be asserted by third parties on behalf of the banking agencies." *Id.* " 'The agency asserting the privilege has the burden of establishing its applicability to the documents at issue.' " *Id.* (quoting *Schreiber v. Society for Sav. Bancorp, Inc.*, 11 F.3d 217, 220 (D.C.Cir.1993)). The privilege is only applicable to deliberative documents, and "[p]urely factual material falls outside the privilege[.]" *Id.* (internal quotations omitted).

Even when documents fall within the bank examination privilege, "a court can override the privilege if the requesting party demonstrates 'good cause.' " *In re Citigroup Bond Litigation*, No. 08-CV-9522 (SHS), 2011 WL 8210671, at *1 (S.D.N.Y. Dec. 5, 2011) (quoting *In re Bankers Trust Co.*, 61 F.3d 465, 471 (6th Cir. 1995)). In determining whether good cause exists, courts should take into account the following factors: "1) the relevance of the evidence sought

to be protected; 2) the availability of other evidence; 3) the 'seriousness' of the litigation and the issues involved; 4) the role of the government in the litigation; and 5) the possibility of future timidity by government employees who will be forced to recognize that their secrets are violable." *Id.* (quoting *In re Bankers Trust Co.*, 61 F.3d at 471); *see also In re Franklin Nat'l Bank Sec. Litig.*, 478 F.Supp. 577, 582 (E.D.N.Y. 1979).

To the extent the Regulators have asserted the bank examination privilege, and they have had several opportunities to do so, they have made a blanket assertions that all documents in the FTI Index that were created in connection with FTI's investigation of HBL and do not relate to a final report are privileged because FTI "was hired at the direction of the [Federal Reserve] or DFS." *See* ECF Nos. 136-1 at 19, 23-24; 153 at 13, 28-30.

Having reviewed the documents selected by both parties for *in camera* review, I find that they overwhelmingly contain factual, rather than deliberative, materials, and are therefore not covered by the bank examination privilege.

To the extent the *in camera* submissions *do* contain deliberative material, I find that there is good cause for HBL to produce them to Plaintiffs. There is no dispute that the documents in the FTI Index are relevant, or that they are not otherwise readily available.

With regard to the "seriousness" of the litigation and the issues involved, this case, like *Wultz*, concerns "[t]he interest of the United States in depriving international terrorist organizations of funding that could be used to kill American citizens." *Wultz*, 61 F.Supp.3d at 290 (internal quotations omitted) (alteration in original). This constitutes a "profound and compelling interest." *Id.* (internal quotations omitted). As to the government's role in the litigation, as the Second Circuit has stated, "a private lawsuit brought by individual victims of

5

terrorism" heavily implicates the interests of the United States. *Linde v. Arab Bank, PLC*, 706 F.3d 92, 112 (2d Cir.2013). It is for this reason that the ATA "empower[s] victims with all the weapons available in civil litigation[.]" *Id.* (internal quotations omitted). Finally, with respect to any possible chilling effect disclosure of these records might have on government employees, I find that any such effects are far outweighed by the other factors that weigh in favor of good cause. *See Wultz*, 61 F.Supp.3d at 190 ("While the public interest in candor is a serious concern, it is present in every case involving the bank examination privilege—and yet the privilege remains qualified, not absolute."). Moreover, given the several opportunities the Regulators have had to formally raise this concern, the fact that they have not done so indicates it is a lesser concern in this instance than it may be in other circumstances.

### III.    CONCLUSION

Because I find that the materials in the FTI Index are not covered by the bank examination privilege, Defendant is directed to produce the withheld materials to Plaintiff by **January 12, 2024**.

**SO ORDERED.**

Dated: December 22, 2023                       *s/ Ona T. Wang*
      New York, New York                    **Ona T. Wang**
                                            United States Magistrate Judge