UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

```
------------------------------------------------------- X
                                                        :
KEVIN KING, ET AL.,                                     :
                            Plaintiffs,                 :
                                                        :         20 Civ. 4322 (LGS)
                    -against-                           :
                                                        :
HABIB BANK LIMITED,                                     :
                            Defendant.                  :
------------------------------------------------------- X
                                                        :
KATHLEEN L. ALEXANDER, ET AL.,                          :
                            Plaintiffs,                 :
                                                        :         21 Civ. 2351 (LGS)
                    -against-                           :
                                                        :
HABIB BANK LIMITED,                                     :
                            Defendant.                  :
------------------------------------------------------- X
                                                        :
MARY BORDER, ET AL.,                                    :
                            Plaintiffs,                 :
                                                        :         21 Civ. 6044 (LGS)
                    -against-                           :
                                                        :         ORDER
HABIB BANK LIMITED,                                     :
                            Defendant.                  :
------------------------------------------------------- X
```

LORNA G. SCHOFIELD, District Judge:

WHEREAS, by Opinion and Order dated December 1, 2023 (the "Order"), Defendant

Habib Bank Limited's motion for reconsideration was denied.  Defendant moves to certify for

interlocutory appeal the Order.  Plaintiffs filed a letter opposing Defendant's request for

interlocutory appeal.  Discovery in this matter is ongoing before Magistrate Judge Wang;

WHEREAS, a district court may certify an interlocutory appeal of a non-final order when

the court determines "(1) that such order involves a controlling question of law (2) as to which

there is substantial ground for difference of opinion and (3) that an immediate appeal from the

order may materially advance the ultimate termination of the litigation."  28 U.S.C. § 1292(b) (numbering added).  Interlocutory appeals are disfavored since "[i]t is a basic tenet of federal law to delay appellate review until a final judgment has been entered . . . [and] although [§ 1292(b)] was designed as a means to make an interlocutory appeal available, it is a rare exception to the final judgment rule that generally prohibits piecemeal appeals."  *Koehler v. Bank of Bermuda Ltd.*, 101 F.3d 863, 865 (2d Cir. 1996); *accord Hous. Rts. Initiative v. Compass, Inc.*, No. 21 Civ. 2221, 2023 WL 2989048, at *2 (S.D.N.Y. Apr. 18, 2023).  The movant bears the burden of showing that all three of the substantive criteria are met.  *See Casey v. Long Island R.R. Co.*, 406 F.3d 142, 146 (2d Cir. 2005); *accord Hous. Rts. Initiative*, 2023 WL 2989048, at *2.  The ultimate decision of whether to certify an interlocutory appeal "is entirely a matter of discretion for the district court."  *In re Roman Catholic Diocese of Albany, N.Y., Inc.*, 745 F.3d 30, 36 (2d Cir. 2014) (per curiam).

WHEREAS, an immediate appeal would not "materially advance the ultimate termination of the litigation."  28 U.S.C. § 1292(b).  Defendant seeks to certify an appeal of a motion for reconsideration of the Court's September 28, 2022, Opinion and Order denying in part Defendant's motion to dismiss.  In effect, Defendant's request amounts to a challenge to the sufficiency of the pleadings.  Even were the Second Circuit to resolve an interlocutory appeal in Defendant's favor, Plaintiffs would almost certainly be granted leave to replead.  *See Noto v. 22nd Century Grp., Inc.*, 35 F.4th 95, 107 (2d Cir. 2022) (the Second Circuit "strongly favors liberal grant of an opportunity to replead after dismissal of a complaint under Rule 12(b)(6)").  For that reason, interlocutory appeals in the preliminary stages of litigation are regularly denied because "a reversal at most could lead only to a remand for repleading, with possibilities of further interlocutory appeals thereafter."  *Gottesman v. Gen. Motors Corp.*, 268 F.2d 194, 196

2

(2d Cir. 1959); *accord In re Facebook, Inc., IPO Sec. & Derivative Litig.*, 986 F. Supp. 2d 524,

530 (S.D.N.Y. 2014).  It is hereby

**ORDERED** that Defendant's motion to certify an interlocutory appeal is DENIED.

Dated: January 2, 2024
      New York, New York

**LORNA G. SCHOFIELD**
**UNITED STATES DISTRICT JUDGE**