**MEMO ENDORSED.**

SUSMAN GODFREY L.L.P.
A REGISTERED LIMITED LIABILITY PARTNERSHIP
32ND FLOOR
1301 AVENUE OF THE AMERICAS
NEW YORK, NEW YORK 10019-6023
(212) 336-8330
FAX (212) 336-8340
WWW.SUSMANGODFREY.COM

| | | |
|---|---|---|
| SUITE 5100<br>1000 LOUISIANA STREET<br>HOUSTON, TEXAS 77002-5096<br>(713) 651-9366 | SUITE 1400<br>1900 AVENUE OF THE STARS<br>LOS ANGELES, CALIFORNIA 90067-6029<br>(310) 789-3100 | SUITE 3000<br>401 UNION STREET<br>SEATTLE, WASHINGTON 98101-2683<br>(206) 516-3880 |

December 29, 2023

**Via CM/ECF**

Hon. Ona T. Wang
United States District Court for the Southern District of New York
Daniel Patrick Moynihan Courthouse
500 Pearl Street, New York, NY 10007

Re:   Case No. 20-cv-4322, *King v. Habib Bank Limited*, Joint Letter Requesting Approval of Redacted Filing

Dear Judge Wang:

Pursuant to Individual Rule IV, the Electronic Case Filing Rules & Instructions § 6, and the parties' Stipulated Protective Order (Dkt. 75) ¶ 14, the parties jointly seek approval to redact information from their December 29, 2023 Joint Status Letter, which references confidential financial information of Defendant Habib Bank Limited ("HBL"). Plaintiffs are contemporaneously filing with this letter: (1) a public version of the Joint Status Letter with the proposed redactions, and (2) an under-seal version of the Joint Status Letter with the proposed redactions highlighted.

Plaintiffs take no position as to whether redactions or sealing are appropriate. HBL respectfully submits that good cause exists for an order to redact certain information identifying specific HBL customers based on information that HBL produced in discovery, which the parties discuss in this Joint Status Letter. *See* Fed. R. Civ. P. 5.2(e). The information to be redacted includes individual account holders' names and descriptions of transactions that HBL allegedly processed on behalf of its customers.

The U.S. federal courts have a well-developed history of protecting customer financial information from disclosure to the public. *Strauss v. Credit Lyonnais, S.A.,* summarizes the courts' approach: "Both financial records and certain reports by banks to government authorities have historically not been subject to public access in the United States. Courts have recognized that banking customers have a justifiable expectation of privacy that their names and financial records not be revealed to the public." No. 06-CV-702 (DLI)(MDG), 2011 WL 4736359, at *4 (E.D.N.Y. Oct. 6, 2011) (quoting and collecting cases, internal quotation marks and citation omitted) (cleaned up).

December 29, 2023
Page 2

Courts also commonly seal private documents containing trade secrets, internal business documents and information about a business's operations, policies, and product development. *See Kewazinga Corp. v. Microsoft Corp.*, No. 1:18-CV-4500-GHW, 2021 WL 1222122, at *3 (S.D.N.Y. Mar. 31, 2021).

*Mirlis v. Greer*, 952 F.3d 51, 59 (2d Cir. 2020), lays out the longstanding three-part analysis with which this Court is tasked. "First, the court determines whether the record at issue is a 'judicial document'", Mirlis explains, noting that "[n]ot all documents filed with the court are 'judicial' documents." *Id*. A judicial document is one that is "placed before the court by the parties" and that is "relevant to the performance of the judicial function and useful in the judicial process." *Id*. (internal quotation marks and citation omitted).

Next, if the bank records and communications are judicial documents, the court will "determine the weight of the presumption of access" to that document. *Id*. (quoting *United States v. Erie Cnty.*, 763 F.3d 235, 239, 241 (2d Cir. 2014)). The weight given to the presumption of access is "governed by the role of the material at issue in the exercise of Article III judicial power and the resultant value of such information to those monitoring the federal courts." *United States v. Amodeo*, 71 F.3d 1044, 1049 (2d Cir. 1995). Third, "the court must identify all of the factors that legitimately counsel against disclosure of the judicial document, and balance those factors against the weight properly accorded the presumption of access." *Mirlis*, 952 F.3d at 59 (citation omitted). According to the *Mirlis* Court, "[c]ountervailing considerations that courts may consider include the danger of impairing law enforcement or judicial efficiency and the privacy interests of those resisting disclosure." *Id*. (internal quotation marks and citation omitted).

In this instance, these records are not judicial documents, because the information they contain is derived from discovery documents that, on their own, "play no role in the performance of Article III functions…[and] lie entirely beyond the presumption's reach". *Amodeo*, 71 F.3d at 1050; *see also Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 121 (2d Cir. 2006). Even if they are judicial documents, however, the weight of the presumption of public access is low because HBL's narrow request seeks only limited redaction of confidential customer personal identifying and financial information, such that the "documents play only a negligible role in the performance of Article III duties." *See Amodeo*, 71 F.3d at 1050; *see also Aaron Ferer & Sons Ltd. v. Chase Manhattan Bank, Nat. Ass'n*, 731 F.2d 112, 123 (2d Cir. 1984) (disagreeing that bank should have "volunteered the information" from customer account records, "particularly because a bank should keep its own customers' affairs confidential"). Accordingly, an order permitting the parties to redact the referenced information will protect the identity and financial details of HBL's customers and the bank's confidential compliance procedures.

The First Amendment presumption of access, which analyzes documents that "have historically been open to the press and the general public" carries little, if any, weight in this instance. *Bernstein v. Bernstein Litowitz Berger & Grossman LLP*,

814 F.3d 132, 141 (2d Cir. 2016) (quotations omitted). The information to be redacted relates to bank customers, which typically are not made available to the press or general public. Notwithstanding the presumption of access, moreover, redaction is appropriate in light of the countervailing factors—primarily the privacy interests of the bank's customers and of HBL in its proprietary business information, and because the subject matter is traditionally considered private rather than public. *Kewazinga Corp.*, 2021 WL 1222122, at *5.

For these reasons, the parties respectfully request that the Court grant the parties' request to redact the referenced information contained in the Joint Status Letter.

Sincerely,

*/s/ Danielle Nicholson*
Ian M. Gore (IG2664)
Danielle Nicholson (Pro Hac Vice)
SUSMAN GODFREY L.L.P.
401 Union Street, Suite 3000
Seattle, WA 98101
Tel: (206) 505-3841
Fax: (206) 516-3883
igore@susmangodfrey.com
dnicholson@susmangodfrey.com

Seth D. Ard (SA1817)
SUSMAN GODFREY L.L.P.
1301 Avenue of the Americas, 32nd Floor
New York, NY 10019
Tel: (212) 336-8330
Fax: (212) 336-8340
sard@susmangodfrey.com

Steven Sklaver (Pro Hac Vice)
SUSMAN GODFREY L.L.P.
1900 Avenue of the Stars, Suite 1400
Los Angeles, CA 90067
Tel: (310) 789-3100
Fax: (310) 789-3150
ssklaver@susmangodfrey.com

Ryan Sparacino (Pro Hac Vice)
Tejinder Singh (TS0613)
SPARACINO PLLC
1920 L Street, NW
Suite 835
Washington, D.C. 20036

December 29, 2023
Page 4

Tel: (202) 629-3530
ryan.sparacino@sparacinopllc.com
tejinder.singh@sparacinopllc.com

*Counsel for Plaintiffs*


<u>/s/ Claire A. DeLelle with permission</u>
Christopher M. Curran
Claire A. DeLelle
Celia McLaughlin (*Pro Hac Vice*)
701 Thirteenth Street, NW
Washington, DC 20005
Telephone:    + 1 202 626 3600
Facsimile:    + 1 202 639 9355
ccurran@whitecase.com
cdelelle@whitecase.com
cmclaughlin@whitecase.com

*Counsel for Defendant Habib Bank Limited*


**Application GRANTED.**

**SO ORDERED.**

_____
Ona T. Wang          1/4/2024
U.S.M.J.