**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| KEVIN KING, ET AL.,<br><br>    Plaintiffs,<br><br>  v.<br><br>HABIB BANK LIMITED,<br><br>    Defendant. | No. 20-cv-4322-LGS<br>Lead Case |
| KATHLEEN L. ALEXANDER, ET AL.,<br><br>    Plaintiffs,<br><br>  v.<br><br>HABIB BANK LIMITED,<br><br>    Defendant. | No. 21-2351 (LGS) |
| MARY BORDER, ET AL.,<br><br>    Plaintiffs,<br><br>  v.<br><br>HABIB BANK LIMITED,<br><br>    Defendant. | No. 21-6044 (LGS)<br><br>**JURY TRIAL DEMANDED** |

**[PROPOSED] PROTECTIVE ORDER GOVERNING DOCUMENTS**
**PRODUCED BY NONPARTY U.S. DEPARTMENT OF DEFENSE**

  Pursuant to Fed. R. Civ. P. 26(c) and 5 U.S.C. § 552a(b)(11), the Court enters this Protective Order upon Plaintiffs' motion and pursuant to an agreement ("Agreement") between Plaintiffs and the non-party the U.S. Department of Defense ("DOD"), for the purpose of ensuring the confidentiality of certain records and information that may be disclosed by the DOD during

discovery proceeding in the above-captioned lawsuit to Plaintiffs and Defendant Habib Bank Limited.

Good cause exists for entry of this Protective Order because documents or information may be disclosed by the DOD that contain sensitive personal information, including personally identifiable information maintained in a system of records as defined in 5 U.S.C. § 552a(a)(5), as well as other sensitive, personal information, such that an order authorizing disclosure pursuant to 5 U.S.C. §552a(b)(11) and otherwise protecting the information is appropriate.  This Protective Order governs the disclosure of such information as specified herein and for no other purposes.

Accordingly, it is **HEREBY ORDERED:**

1. The DOD is authorized to disclose in this action discoverable information and documents that otherwise would be prohibited from disclosure under the Privacy Act ("Privacy Act-Protected Information").

2. The DOD is also authorized to disclose other sensitive personal information pertaining to victims, detainees, their family members, and/or terrorists who have privacy interests in their identifying information, and as to whom no public interest would be served by disclosure of their personal information ("Other Protected Information").

3. All documents or information disclosed by the DOD in the subject litigation containing either Privacy Act-Protected Information or Other Protected Information may be designated as confidential by the DOD and shall, if applicable, be marked with the term "SUBJECT TO PROTECTIVE ORDER."

4. Information designated under Paragraph 3 may be disclosed only to the following persons:

    a. The Plaintiffs in the subject litigation, counsel for the Plaintiffs in the subject litigation, and members of their support staff with an appropriate need to know;

    b. The Defendant in the subject litigation, outside counsel for the Defendant, and members of their support staff with an appropriate need to know;

    c. Consultants or experts, including their employees or agents, retained by Plaintiffs or Defendant in connection with the subject litigation and with an appropriate need to know;

    d. Trial and deposition witnesses;

    e. The Court and its personnel in the subject litigation, including any Special Masters appointed by the Court and those Special Masters' personnel, and court reporters or stenographers engaged to record court proceedings and/or deposition testimony in the subject litigation with an appropriate need to know; and

    f. Such other persons with an appropriate need to know as hereafter may be authorized in writing by the DOD upon the request of Plaintiffs or Defendant.

5. All persons listed in Paragraph 4 to whom information designated under Paragraph 3 is disclosed are prohibited from disclosing to any person other than those listed in Paragraph 4 any information designated under Paragraph 3, except as provided in this Protective Order, or as otherwise permitted by the Court. All persons listed in Paragraph 4 to whom information designated under Paragraph 3 is disclosed are prohibited from using any information so designated in any other litigation other than the subject litigation or for any other purpose, unless and until a separate protective order is negotiated with the DOD and entered by the court in the other litigation.

6. If Plaintiffs or Defendant learn, inadvertently or otherwise, that they or a person to whom Plaintiffs have disclosed information designated under Paragraph 3 of this Protective Order has disclosed that information to any unauthorized person or in any unauthorized circumstance, Plaintiffs shall, upon learning of the unauthorized disclosure, promptly: (a) notify the person(s) to whom the disclosure was made; (b) make all reasonable efforts to obtain the return of the information designated under Paragraph 3 and prevent further unauthorized disclosures of the information; and (c) notify the DOD in writing of the identity of the person(s) to whom the

unauthorized disclosure was made, the circumstances surrounding the disclosure, and the steps taken to prevent any use or further disclosure of the information.

7. All information designated under Paragraph 3 produced or exchanged pursuant to this Protective Order shall be used solely for the purposes of litigating or resolving Plaintiffs' cause of action in the subject litigation and for no other purpose whatsoever, and shall not be disclosed, disseminated, or transmitted to any person, entity, or organization except in accordance with the terms of this Protective Order, or as otherwise permitted by the Court.

8. Counsel for the parties may submit some or all of the records to the Court as evidentiary exhibits in support of motions and during hearings or trial in this case. Counsel for the parties shall file a motion with the Court to file the records under seal, in accordance with Fed. R. Civ. P. 5.2(d). This Protective Order does not require testimony offered during hearings or trial in this case to be closed or sealed.

9. In the event that any material subject to this Protective Order is used in any court proceeding, it shall not lose its protected status through such use, and the parties shall take all steps reasonably required to protect its confidentiality during such use. Specifically, in the event that the parties anticipate that material subject to this Protective Order may become the subject of testimony or argument offered during a court hearing or trial, Plaintiffs shall promptly—and as far in advance of any such hearing or trial as is practicable in the circumstances—notify and confer with the DOD in order to ensure that neither Privacy Act-Protected Information nor Other Protected Information (as defined by the terms of this Protective Order) are disclosed on the public record in the course of such hearing or trial.

10. Nothing in this Protective Order shall be construed as a waiver of any defense, right, or claim by any party, including any claim of privilege or other protection from disclosure, nor

shall this Protective Order affect the right of either party to seek additional protection against the disclosure of any documents or materials.

11. Nothing in this Protective Order requires production of information that is prohibited from disclosure by other applicable privileges, statutes, regulations, or authorities.

12. The United States, and its officers or employees shall not bear any responsibility or liability for any unauthorized disclosure of any documents or information produced pursuant to this Protective Order.

13. The termination of proceeding in the subject lawsuit shall not relieve any person or entity from the obligations of this Protective Order.  Subject to all laws, rules, and regulations regarding file and record retention, within 60 days of termination of proceedings related to this litigation, including any proceedings necessary to enforce any judgment or relief obtained and exhaustion of any applicable appeals, all documents produced pursuant to this Protective Order shall—except as provided below, or unless the document has been offered into evidence or filed without restriction as to disclosure—be returned to the DOD or destroyed.  At the request of the DOD, the destroying party shall provide a sworn certification to the DOD describing which documents have been destroyed.

14. Notwithstanding anything herein, the parties' counsel in the subject litigation shall be entitled to retain all court papers, including: deposition and trial transcripts; exhibits used in summary judgment briefing, depositions, and trial; expert reports; and attorney work product. Additionally, and also notwithstanding anything herein, each Plaintiffs' counsel who has entered a notice of appearance for the subject litigation may retain one digital[1] and one paper copy of all

---

[1] Additionally, each law firm representing Plaintiffs in the subject litigation may retain one digital copy in a common electronic drive of all documents produced pursuant to this Protective Order.

documents produced pursuant to this Protective Order.  Any retained information designated under Paragraph 3 shall continue to be protected under the Agreement.

IT IS SO ORDERED.

DATED:  5/21/2024                             _____
                                                                          United States Judge