UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| KEVIN KING, et al., <br>       Plaintiffs, <br><br> v. <br><br> HABIB BANK LIMITED, <br>       Defendant. | No. 20-cv-04322-LGS-OTW |
| KATHLEEN L. ALEXANDER, et al., <br>       Plaintiffs, <br><br> v. <br><br> HABIB BANK LIMITED, <br>       Defendant. | No. 21-cv-02351-LGS-OTW |
| MARY BORDER, et al., <br>       Plaintiffs, <br><br> v. <br><br> HABIB BANK LIMITED, <br>       Defendant. | No. 21-cv-06044-LGS-OTW |

**AMENDED STIPULATION AND PROTECTIVE ORDER**

WHEREAS, the Parties having agreed to the following terms of confidentiality, and the Court having found that good cause exists for the issuance of an appropriately tailored confidentiality order pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, it is hereby

ORDERED that the following restrictions and procedures shall apply to the information and documents exchanged by the parties in connection with the pre-trial phase of this action:

1. Definitions:

   a. The party who has issued a request(s) for documents and information is termed herein as the "Requesting Party".

   b. The party producing information and documents in response to those requests is termed herein as the "Producing Party".

      c.      Any party who designates any document or information, in whole or in part, as Confidential Information is termed herein as a "Designating Party"; and,

      d.      Any person to whom Confidential Information may have been disclosed whether or not authorized to receive it, is termed herein as the "Receiving Party".

2. Any party, through counsel, may designate ("Designating Party") any document or information, in whole or in part, as Confidential Information if counsel for the party determines in good faith that such designation is necessary to protect the interests of the client in proprietary, trade secret or otherwise sensitive non-public information. Information and documents designated by a party as confidential will be stamped "CONFIDENTIAL" and, where relevant, also shall stamp the document "Attorneys' or Experts' Eyes Only."

3. Depositions shall presumptively be treated as confidential and subject to the terms of this Protective Order during the deposition and until thirty (30) days after the expiration of the period to submit an errata sheet for that deposition, unless the Designating Party specifies otherwise in writing or on the record during the deposition. Within thirty (30) days following the expiration of the period to submit an errata sheet for that deposition, the Designating Party may designate as "CONFIDENTIAL" for future purposes all or any part of the deposition. Notice of such designation shall be made in writing to the court reporter transcribing the deposition transcript, with copies to counsel for the parties, specifying the pages and portion(s) of the transcript and exhibits that constitute or contain Confidential Information. Transcripts containing testimony or exhibits designated as "CONFIDENTIAL" shall be marked by the court reporter with the legend "THIS TRANSCRIPT CONTAINS CONFIDENTIAL INFORMATION", and shall be maintained and secured in accordance with the provisions of this Protective Order.

4. Any "Confidential Information" designated as such in accord with Paragraph 1 of this Protective Order shall be held and used by the person receiving such information solely for use in connection with the action.

5. In the event a party challenges another party's designation of confidentiality, counsel for the parties shall make a good faith effort to resolve the dispute. In the absence of a resolution, either party may seek resolution in this Court. Material designated as "CONFIDENTIAL" or "Attorneys' or Experts' Eyes Only" shall remain subject to the protections of this Order unless and until the Court rules otherwise. Nothing in this Protective Order constitutes an admission by any party that Confidential Information disclosed in this case is relevant or admissible. Each party reserves the right to object to the use or admissibility of the Confidential Information.

6. All documents designated as "CONFIDENTIAL" shall not be disclosed to any person, except:

      a.      Outside counsel for the Designating Party, the Requesting Party and/or the Producing Party or others authorized to receive documents and information for or from those Parties;

    b.    The officers, directors, and employees (including in-house counsel) of the requesting party who are actively engaged in assisting counsel with the prosecution or defense of the action and to whom disclosure is reasonably necessary for this action;

    c.    Employees of such counsel assigned to and necessary to assist in the litigation;

    d.    Consultants or experts assisting in the prosecution or defense of the matter, and their staff, to the extent deemed necessary by counsel;

    e.    Professional vendors retained by a party or its counsel to furnish technical services in connection with the litigation;

    f.    The Court (including the mediator, or other person having access to any Confidential Information by virtue of his or her position with the Court);

    g.    An officer of the Court before whom a deposition is taken, including stenographic reporters, videographers, and any necessary secretarial, clerical, or other personnel of such officer;

    h.    The author or recipient of a document containing the information, or a custodian or other person who counsel for the disclosing party reasonably believes in good faith otherwise possessed or knew the information;

    i.    Trial and deposition witnesses; and,

    j.    Any other person specifically identified and agreed to in writing by the parties.

All documents designated as "Attorneys' or Experts' Eyes Only" shall not be disclosed to any person except the persons outlined in categories (a), (c), (d), (e), (f), (g), (h), and (j) above. Information designated as "Attorneys' or Experts' Eyes Only" may also be disclosed to trial and deposition witnesses: (1) who are a director, officer, or employee of the designating party or an owner or parent of the designating party; or (2) when counsel for the requesting party reasonably believes in good faith that such witness or potential witness authored or previously received or reviewed such information or material in the course of business.

7.    Prior to disclosing or displaying material designated as "CONFIDENTIAL" or "Attorneys' or Experts' Eyes Only" to any person, including those outlined in categories (d) and (e) of paragraph 6 hereof, counsel must:

    a.    Inform the person of the confidential nature of the material;

    b.    Inform the person that this Court has enjoined the use of the information or documents by him/her for any purpose other than this litigation and has enjoined the disclosure of the information or documents to any other person; and,

    c.    Require each such person to sign an agreement to be bound by this Protective Order in the form attached hereto.

Trial and deposition witnesses are authorized to receive material designated as

"CONFIDENTIAL" or "Attorneys' or Experts' Eyes Only" **only** if the material is to be used in preparation for, during the course of, or in review of deposition or hearing or trial testimony, and for no other purpose.

If the designating party believes that a deposition question calls for information designated as "CONFIDENTIAL" or "Attorneys' or Experts' Eyes Only", counsel for the designating party may, before the witness answers, so state, and any persons in attendance who are not authorized under this Protective Order to have access to such information must then remove themselves for the duration of the testimony potentially containing protected information.

8. The disclosure of a document or information without designating it as "CONFIDENTIAL" or "Attorneys' or Experts' Eyes Only" shall not constitute a waiver of the right to so designate such document or information.

9. Once a document or information is so designated, the document or information shall thenceforth be treated as Confidential Information subject to all of the terms of this Protective Order. To the extent such Confidential Information may have been disclosed to anyone not authorized to receive it, the "Receiving Party" shall make prompt, reasonable efforts in accordance with Paragraph 10 below.

10. If the Receiving Party who has received "CONFIDENTIAL" or "Attorneys' or Experts' Eyes Only" material learns that it has disclosed such material to any person or in any circumstance not authorized under this Protective Order, whether inadvertently or otherwise, the Receiving Party must promptly: (a) notify the Producing Party in writing of the unauthorized disclosure(s) and the identity of such person(s) to whom the material was disclosed, (b) take reasonable efforts to retrieve from the person or persons to whom unauthorized disclosures were made (the "Unauthorized Recipient(s)") and/or destroy all copies of the material, (c) provide the Unauthorized Recipient(s) with a copy of this Protective Order and (d) request that the Unauthorized Recipient(s) execute the agreement to be bound by this Order in the form attached hereto at Appendix A.

11. Confidential Information may contain Personal Identifiable Information ("PII"), which is any representation of information that permits any person to whom the PII applies to be reasonably identified or inferred by either direct or indirect means. PII includes information (i) that directly identifies an individual *(e.g.,* name, address, Social Security number or other identifying number or code, telephone number, email address, etc.) or (ii) indirect identification by which an agency intends to identify specific individuals in conjunction with other data elements, such as gender, race, birth date, geographic indicator, and other descriptors. PII also includes information that would enable a person to contact the person who is the subject of the PII. This information can be maintained in either paper, electronic or other media.

12. PII exchanged in discovery shall be maintained by the Receiving Party in a manner that is secure and confidential, and the Receiving Party shall be permitted to share it only with authorized individuals in a secure manner. The Producing Party may specify the minimal level of protection expected in the storage and transfer of its information. In the event the party who received PII experiences a data breach, it shall immediately

notify the Producing Party, and cooperate with the Producing Party to address and remedy the breach. Nothing herein shall preclude the Producing Party from asserting legal claims or constitute a waiver of legal rights and defenses in the event of litigation arising out of the Receiving Party's alleged failure to appropriately protect PII from unauthorized disclosure.

13. (a) Pursuant to Federal Rule of Evidence 502, the production of legally privileged or work-product protected documents or communications, electronically stored information ("ESI") or information, whether inadvertent or otherwise, shall not constitute a waiver of the privilege or protection from discovery in this case or in any other federal or state proceeding. This Protective Order shall be interpreted to provide the maximum protection allowed by Federal Rule of Evidence 502(d). Nothing contained herein is intended to or shall serve to limit a party's right to conduct a review of documents, ESI or information (including metadata) for relevance, responsiveness and/or segregation of privileged and/or protected information before production.

(b) In the event a Producing Party discovers it has disclosed privileged or work-product protected material, the Producing Party may provide written notice to all counsel of record who have received the material advising of the disclosure and requesting return or destruction of the material. Upon receiving such written notice, the Receiving Party shall, consistent with Federal Rule of Civil Procedure 26(b)(5)(B) promptly return, sequester and/or destroy all copies of the document(s) as required below.

(c) Upon receiving notice from a Producing Party that it is requesting the return or destruction of privileged or work-product protected material, the Receiving Party shall either (a) promptly return and/or destroy its copies of the material, make a good faith effort to destroy any notes that reproduce, copy, or otherwise disclose the substance of the material, and notify the Producing Party's counsel of record when it has done so; or (b) sequester all copies of the material in a manner that will prevent further disclosure or dissemination of its contents pending further order of the Court.

(d) Within five (5) business days of receiving notice from the Producing Party, through counsel, requesting the return or destruction of privileged or work-product protected material, the Receiving Party shall notify the Producing Party's counsel in writing whether the Receiving Party intends to challenge the designation of the material as privileged or work-product protected. If the Receiving Party intends to challenge the designation, the material shall be sequestered pending the Court's resolution of the challenge. While sequestered, the Receiving Party, through counsel, shall view and use the material at issue only to the extent necessary to challenge the privilege claim. The material that the Receiving Party intends to challenge shall only be submitted to the Court under seal for an *in camera* review.

(e) If the Receiving Party does not intend to challenge the designation of the material as protected by legal privilege or work product doctrine, within ten (10) business days of receiving notice of the production of privileged material, the Receiving Party, through counsel, shall destroy and/or return all copies of the material identified in the Producing Party's notice, and expunge all information or material in

the Receiving Party's custody or control that was derived from the privileged material. To the extent the Receiving Party has disclosed the privileged material to any other person or non-party, the Receiving Party shall promptly make reasonable efforts to retrieve and destroy such privileged material and notify the Producing Party, in writing, that it has made those efforts.

(f) The parties shall undertake reasonable efforts to resolve the issue of whether material is privileged without intervention by the Court. To the extent the parties cannot resolve the issue, a party may seek relief from the Court. No party, however, may assert as a ground for compelling production the fact or circumstance that the privileged material had already been produced, unless and until the Court determines the material is not in fact privileged.

14. (a) In the event a Producing Party discovers it has disclosed material or information from the account-opening, know your customer, or transactional files of a Habib Bank Limited customer that the Producing Party determines is not a true-positive match to any of the individuals or entities listed on: (i) Exhibit A to Plaintiffs' First Set of Requests for the Production of Documents, served by Plaintiffs on November 30, 2022; (ii) list of "Terrorist Designee" names served by Plaintiffs on January 26, 2023; or (iii) Exhibits 1 and 2 to Plaintiffs' Second Set of Requests for the Production of Documents, served by Plaintiffs on April 27, 2023 (False-Positive Customer Information), the Producing Party may provide written notice to all counsel of record who have received the material advising of the disclosure and requesting return or destruction of the material. In its written notice, the Producing Party is required to specify in writing the information it has identified that it believes shows the customer is not a true-positive match.

(b) Upon receiving the written notice outlined in 14(a), the Receiving Party shall either (a) promptly return and/or destroy its copies of the material, make a good faith effort to destroy any notes that reproduce, copy, or otherwise disclose the substance of the material, and notify the Producing Party's counsel of record when it has done so; or (b) sequester all copies of the material in a manner that will prevent further disclosure or dissemination of its contents pending further discussion between the parties regarding the Producing Party's request and/or further order of the Court.

(c) Within ten (10) business days of receiving the written notice outlined in 14(a), the Receiving Party shall notify the Producing Party's counsel in writing whether the Receiving Party intends to challenge the designation of the material as False-Positive Customer Information and the specific basis for any challenge. On good cause shown, the Receiving Party may seek additional time to make such determination if necessary. If the Receiving Party intends to challenge the designation, the material shall be sequestered pending the Court's resolution of the challenge. While sequestered, the Receiving Party, including individuals retained by the Receiving Party who are authorized to review such material under the Protective Order, shall view and use the material at issue only to the extent necessary to challenge the Producing Party's claim that the information is False-Positive Customer Information. The material that the Receiving Party intends to challenge shall be submitted to the Court under seal only for an *in camera* review.

(d) If the Receiving Party does not intend to challenge the designation of the material as False-Positive Customer Information, within five (5) business days of confirming it does not intend to challenge the designation, the Receiving Party shall destroy and/or return all copies of the material identified in the Producing Party's notice, and expunge all information or material in the Receiving Party's custody or control that was derived from the False-Positive Customer Information. To the extent the Receiving Party has disclosed the False-Positive Customer Information to any other person or non-party, the Receiving Party shall promptly make reasonable efforts to retrieve and destroy such False-Positive Customer Information and notify the Producing Party, in writing, that it has made those efforts.

(e) The parties shall undertake reasonable efforts to resolve the issue of whether material is False-Positive Customer Information without intervention by the Court. To the extent the parties cannot resolve the issue, a party may seek relief from the Court.

15. If a party that has received material designated as "CONFIDENTIAL" or "Attorneys' or Experts' Eyes Only" wishes to file or use any material in this case that incorporates or would reveal the contents of the Confidential Information, that party shall request that the Court maintain such material under seal and shall follow the Court's procedures for doing so.

16. This Protective Order has no effect upon, and shall not apply to, a Producing Party's use of its own discovery material for any purpose.

17. At the conclusion of this litigation, materials designated as "CONFIDENTIAL" or "Attorneys' or Experts' Eyes Only" shall be promptly returned to the Producing Party or certified as destroyed, in no event any later than 30 days after entry of final judgment no longer subject to further appeal. The single exception to this requirement is that the parties' counsel shall be permitted to retain their working files on the condition that those files will remain protected. For the avoidance of doubt, expert witnesses, professional vendors, and other third parties who have received material designated as "CONFIDENTIAL" or "Attorneys' or Experts' Eyes Only" shall promptly return or destroy such material pursuant to the terms of this paragraph.

18. Nothing herein shall preclude the parties from disclosing material designated as Confidential Information if 1) required by law or 2) pursuant to a valid subpoena. If a party that has received material designated as "CONFIDENTIAL" or "Attorneys' or Experts' Eyes Only" receives a subpoena or other document production request from a non-party to this Protective Order seeking production or other disclosure of that material, the Receiving Party promptly shall notify counsel for the Designating Party in writing and in no event more than five (5) business days after receiving the subpoena or document production request. Counsel for the Receiving Party shall inform the person seeking the Confidential Material that such material is subject to this Protective Order and shall timely make any objections to the production of the material, including by reference to the existence of this Protective Order. Unless and until such objections are overruled by the Court, or the Court otherwise orders production of the material, no Receiving Party may produce or divulge the contents of the material except with the express written consent of the Designating Party.

19. The terms of this Protective Order shall apply equally to documents, material, or information produced by a non-party in this action and designated as "CONFIDENTIAL" or "Attorneys' or Experts' Eyes Only."

20. Drafts of any expert report, declaration, or disclosure, including drafts of reports, as well as any notes made by experts, are protected work product and shall not be discoverable regardless of the form of the draft and notes, unless the expert relies on the aforementioned material as a basis for their opinion and the information contained is not otherwise disclosed. In addition, communications of any form relating to this action between (a) a party to these actions, a representative of a party, or the parties' attorneys, and (b) the parties' expert(s), whether testifying or non-testifying, are protected work product and shall not be discoverable, except to the extent the communications identify facts, data, or assumptions that the expert(s) relied upon in formatting any opinions expressed or to be expressed in an expert report or trial testimony and are not otherwise disclosed.

21. Nothing in this Protective Order shall prevent or otherwise restrict counsel from rendering advice to their clients in this litigation and, in the course thereof, relying on examination of material protected by this Order, *provided, however,* that in rendering such advice and otherwise communicating with such client, counsel shall not make specific disclosure of any information in any manner that is inconsistent with the restrictions or procedures set forth herein.

22. Nothing in this Protective Order abridges or precludes: (a) the right of any person to seek its modification by the Court in the future; (b) a party's rights, if any, to use any documents, materials, or information obtained independent of discovery in this action, whether or not such documents, materials, or information were also provided through discovery in this action; (c) the parties from agreeing to alter or waive the provisions or protections provided for herein with respect to any particular document, material, or information; or (d) any party from filing a motion seeking greater, more limited, or different protection from the Court.

SO STIPULATED AND AGREED.

Dated: June 17, 2024

| | |
|---|---|
| /s/ Ian M. Gore | /s/ Claire A. DeLelle |
| Ian M. Gore (IG2664) | Christopher M. Curran |
| SUSMAN GODFREY L.L.P. | Claire A. DeLelle |
| 401 Union Street, Suite 3000 | Celia A. McLaughlin (Pro Hac Vice) |
| Seattle, WA 98101 | 701 Thirteenth Street, NW |
| Tel: (206) 505-3841 | Washington, DC 20005 |
| Fax: (206) 516-3883 | Telephone: + 1 202 626 3600 |
| igore@susmangodfrey.com | Facsimile: + 1 202 639 9355 |
| | ccurran@whitecase.com |
| Seth D. Ard (SA1817) | cdelelle@whitecase.com |
| SUSMAN GODFREY L.L.P. | cmclaughlin@whitecase.com |
| 1301 Avenue of the Americas, 32nd Fl | |
| New York, NY 10019 | *Counsel for Defendant Habib Bank Limited* |
| Tel: (212) 336-8330 | |
| Fax: (212) 336-8340 | |
| sard@susmangodfrey.com | |

Steven Sklayer (*Pro Hac* Vice)
SUSAN GODFREY L.L.P.
1900 Avenue of the Stars, Suite 1400
Los Angeles, CA 90067
Tel: (310) 789-3100
Fax: (310) 789-3150
ssklaver@susmangodfrey.com

Ryan Sparacino (*Pro Hac Vice*)
Tejinder Singh (TS0613) SPARACINO PLLC
1920 L Street, NW, Suite 535
Washington, DC 20036
Tel: (202) 629-3530
ryan.sparacino@sparacinopllc.com
tejinder.singh@sparacinopllc.com

*Counsel for Plaintiffs*

SO ORDERED.

Dated: June 25, 2024

New York, NY

HON. ONA T. WANG
United States Magistrate Judge

## Agreement to Maintain Confidentiality

I have been informed by the undersigned attorney that certain documents or information to be disclosed to me in connection with the matter entitled have been designated as confidential. I have been informed that any such documents or information labeled "CONFIDENTIAL" are confidential by Order of the Court.

I hereby agree that I will not disclose any information contained in such marked documents to any other person. I further agree not to use any such information for any purpose other than this litigation.

DATED:

---

Name of Signatory

Signed in the presence of:

---

(Attorney)