**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
------------------------------------------------------------x
KEVIN KING, et al.,                                :
                                                   :
                Plaintiffs,    :     20-CV-4322 (LGS) (OTW)
                                                   :
            -against-                      :     **ORDER**
                                                   :
HABIB BANK LIMITED,                                :
                                                   :
                Defendant.     :
------------------------------------------------------------x

      **ONA T. WANG**, **United States Magistrate Judge**:

      The Court is in receipt of the parties' joint monthly status letter at ECF 270.

      Discovery in this litigation is at risk of devolving into a modern-day *Jarndyce v Jarndyce*, as it has "become so complicated, that no man alive knows what it means," and "no two . . . lawyers can talk about it for five minutes without coming to a total disagreement as to all the premises." Charles Dickens, *Bleak House* (1852).

      As the parties are aware, at the last status conference held in this matter, I told the parties "not to have the protracted letter-writing campaigns where you go back and forth arguing with each other." (ECF 265 at 57). Nonetheless, the most recent monthly status letter comes out to a whopping **73 pages**. For context, Section 1.a of my Individual Practices in Civil Cases provides that letters, "[w]hether filed electronically or not," "may not exceed **3** single-spaced pages in length (exclusive of exhibits)." (emphasis added).

      It has become apparent that no amount of nudging or admonishing from the bench will curb these "letter-writing campaigns." Accordingly, it is hereby **ORDERED** that ECF Nos. 270 and 271 be **STRICKEN** from the docket.

The parties are directed to meet and confer in good faith to resolve their discovery disputes. If, after a good faith meet and confer process, the parties are unable to reach agreement on their myriad issues, they may file a joint status letter by **July 12, 2024** limited to **5 single-spaced pages** that fairly sets out the remaining dispute(s). The Court will very likely apportion or grant costs under Fed. R. Civ. P. 37(a)(5) in ruling on future motions to compel or for protective orders.

The parties' next joint monthly status letter, as well as all future monthly status letters, shall not exceed **5 single-spaced pages**.

The parties' conduct has had the effect of "embroil[ing this judge] in day-to-day supervision of discovery, a result directly contrary to the overall scheme of the federal discovery rules." *S. New England Tel. Co. v. Glob. NAPs Inc.*, 624 F.3d 123, 149 (2d Cir. 2010) (quoting *Cine Forty-Second St. Theatre Corp. v. Allied Artists Pictures Corp.*, 602 F.2d 1062, 1068 (2d Cir. 1979)) (internal quotation marks omitted). This cannot continue.

To the extent that the parties may require Court intervention in any future discovery disputes, such disputes must be raised in the ordinary course via letter motion, which are also "limited to 3 single-spaced pages (not including exhibits)." Court's Individual Rules of Practice in Civil Cases § I.b. As previously discussed, the Court will apportion costs under Rule 37(a)(5), and the parties should review Fed. R. Civ. P. 1, 26, and 37, in particular, as well as my Individual Practices, before raising future discovery disputes with the Court.

**SO ORDERED.**

|  |  |
|---|---|
| Dated: July 1, 2024 | _s/ Ona T. Wang_ |
| New York, New York | **Ona T. Wang** |
|  | United States Magistrate Judge |

3