**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

-------------------------------------------------------------x

KEVIN KING, et al.,                                        :

                                                          :

                            Plaintiffs,                    :          20-CV-4322 (LGS) (OTW)

                                                          :

                    -against-                              :          **ORDER**

                                                          :

HABIB BANK LIMITED,                                        :

                                                          :

                            Defendant.                     :

-------------------------------------------------------------x

**ONA T. WANG**, **United States Magistrate Judge**:

The Court is in receipt of ECF Nos. 274, 284, 288, and 304 and any responsive letters

addressing these issues.

Plaintiffs' motion requesting the Court to compel Defendant's production of KYC records

and data related to "False Positive" accounts is **GRANTED**. (ECF Nos. 292 and 304). The

accounts in question match the names on Plaintiffs' "terrorist-affiliated individuals and entities"

list ("Plaintiffs' List"). *Id*.  Defendant has provided no facts or records to support its assertion

that the accounts it has designated "False Positives" are, indeed, false positives. Accordingly,

Defendant is ordered to produce KYC records and account opening forms related to the bank

accounts matching the 32 members and aliases on Plaintiffs' List at ECF 293.

Defendant filed a letter motion requesting the Court to deem certain requests for

admission as admitted and to compel Plaintiffs to amend their responses accordingly. (ECF

274).  Defendant's request is **DENIED** as premature.  As discussed above, Defendant is seeking

an admission that Defendant's asserted "False Positives" are irrelevant, because Defendant

apparently cannot find enough information to confirm that they are "True Positives."

Defendant's inability to find (or their failure to maintain) records sufficient to show whether

these accounts are indeed matches to Plaintiffs' List should not be used to limit Plaintiffs when such information was exclusively within Defendant's knowledge.

Plaintiffs' motion to compel Defendant to produce complete data—including complete originator, beneficiary, and payment purpose information for thousands of transactions—for "True Positive" accounts is **GRANTED**. (ECF Nos. 284 and 288).  These are 350 accounts that Defendant identified as "True Positives," i.e., accounts that are an undisputed match to names and aliases Plaintiffs' List. Accordingly, this information is clearly relevant and proportional under Fed. R. Civ. P. 26.

Plaintiffs' request for the Court to order an in-camera review of a sample of entries on Defendant's Privilege-Log is **DENIED** as moot, as the parties have agreed to and adopted a methodology and schedule for sampling contested privilege-log entries. (ECF 317).


        **SO ORDERED.**


                                                                                          _s/ Ona T. Wang_
Dated: October 8, 2024                                                **Ona T. Wang**
        New York, New York                                           United States Magistrate Judge