**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
------------------------------------------------------------x
KEVIN KING, et al.,                          :
                                             :
            Plaintiffs,               :   20-CV-4322 (LGS) (OTW)
                                             :
            -against-                :   **ORDER**
                                             :
HABIB BANK LIMITED,                          :
                                             :
            Defendant.                :
------------------------------------------------------------x

      **ONA T. WANG**, **United States Magistrate Judge**:

      The Court held a status conference on October 9, 2024. (ECF 319). As **ORDERED** at the October 9, 2024, conference:

**I.**      **Plaintiffs' Motion to Compel and Briefing on Foreign Privilege**

    A.  <u>Production of Final Reports, Findings, Notifications of Findings, and Internal Communications Resulting from the Reports of Foreign Regulators</u>

      Plaintiffs' motion is **GRANTED in part** for the reasons stated on the record. (*See* ECF 319). Defendant was directed to seek permission by **October 15, 2024,** from the State Bank of Pakistan and the Central Bank of the United Arab Emirates (the "Foreign Regulators") to <u>disclose final reports, findings, notifications of findings, and internal communications resulting from such reports and notifications</u> (the "Foreign Regulators' Reports").

      The Parties were directed to meet and confer by **October 15, 2024,** regarding whether further briefing will be necessary if one or more of the Foreign Regulators withholds consent or permission. If the Foreign Regulators consent, and Defendant nevertheless intends to object to the production of the Foreign Regulators' Reports, Defendant's objection is due **October 18,**

**2024.** Plaintiffs' opposition, if any, is due **October 25, 2024**. Defendant's reply, if any, is due **November 1, 2024.**

    B. <u>Foreign Privilege</u>

If the Foreign Regulators do not grant permission to disclose the Foreign Regulators' Reports, and the parties are unable to reach agreement on Defendant's production of the Foreign Regulators' Reports, Plaintiffs' motion to compel, which must include expert declarations, must be filed by **October 25, 2024.** Plaintiffs' opposition, if any, is due **November 1, 2024.** Defendant's reply, if any, is due **November 8, 2024**.

II.    **"Priority Accounts": Plaintiffs' "True Positive"[1] Accounts**

At the October 9 conference, the parties sought clarification of the scope of this Court's October 8, 2024 Order regarding these approximately 350 accounts. (*See* ECF 319, at 33). In several letters, Plaintiffs sought to compel production of "complete originator, beneficiary, and payment purpose information for thousands of transactions" related to the "priority accounts." (ECF 284 at 1). Defendant stated at the October 9 conference that they had already produced certain information "primarily used in connection with SWIFT transactions" and located in Plaintiff's "centralized system." (ECF 319 at 34-35). At the conference, the Court directed the parties to meet and confer as to prioritization and how Defendant may produce, on a rolling basis, more transactional information for these priority accounts that is <u>not</u> located in Defendant's "centralized system." (ECF 319 at 35-38).

---

[1] Defendant disputes the characterization of these accounts as "true positives." Plaintiff calls these accounts "true positives" because these accounts "are true positive customers of names HBL agreed to or was ordered to search." (ECF 319 at 41).

If Defendant still intends to file a motion concerning the proportionality of compelling Defendant to search beyond its "centralized system," Defendant's motion must be filed by **October 18, 2024**. Plaintiffs' opposition, if any, is due **October 25, 2024.** Defendant's reply, if any, is due **November 1, 2024.** The parties should be guided by Fed. R. Civ. P. 37(a)(5) in their briefing.

**III.     32 of 349 Accounts for which Defendant Produced No KYC Data At All (ECF 319 at 47)**

At the conference, Defendant also sought clarification of the scope of this Court's October 8 Order with respect to the 32 accounts for which Defendant produced limited or no KYC data.[2] Defendant is directed to produce all KYC and transactional data for the 32 accounts. If no KYC data exists for certain accounts, Defendant must, at a minimum, inform Plaintiffs of the circumstances of the destruction or loss of such data so Plaintiffs may make an informed decision whether they intend to seek spoliation sanctions. Defendant must also meet and confer in good faith with Plaintiffs on their basis for withholding KYC data for the six accounts identified in footnote two.

---

[2] Defendant stated at the conference that KYC data had been produced, "to the extent it was available," for these 32 accounts. According to Defendant, however, five of the 32 accounts have no KYC data because a branch was destroyed in a fire, 21 accounts have no KYC information because it was deleted due to Defendant's document retention policies, and Defendant is <u>awaiting UAE authorization to produce KYC information for the remaining six accounts</u>. (ECF 319 at 48). Plaintiff clarified that they are seeking KYC data to the extent it exists for these 32 accounts, and if no KYC data exists, they seek transactional data in order to argue that these accounts are in fact "true positives." (ECF 319 at 47).

IV.   **Seven Accounts that Match Names and Aliases on Plaintiffs' "Terrorist-Affiliated Individuals and Entities" List[3]**

The parties were directed to meet and confer regarding the production of transactional data for the seven accounts discussed during the status conference and file a joint status letter by **October 18, 2024,** apprising the Court of the status of this dispute. If the parties choose to engage in motion practice notwithstanding the rulings made on October 8 and October 9, and the Court finds that it resolved this issue before, the Court <u>will assess costs</u> under Rule 37(a)(5).

V.   **Extension of Deadline for Fact Discovery**

The deadline for fact discovery is hereby **EXTENDED** until **January 3, 2025,** without prejudice to further extensions.

    **SO ORDERED.**

Dated: October 18, 2024                     _s/ Ona T. Wang_
       New York, New York             **Ona T. Wang**
                                       United States Magistrate Judge

---

[3] These seven accounts have been identified by Defendant as "false positives." Plaintiff disputes this determination based on the lack of KYC data produced, and seeks additional information to demonstrate that these should in fact be considered true matches. (ECF 19 at 44).