SUSMAN GODFREY L.L.P.

A REGISTERED LIMITED LIABILITY PARTNERSHIP
32ND FLOOR
1301 AVENUE OF THE AMERICAS
NEW YORK, NEW YORK 10019-6023
(212) 336-8330
FAX (212) 336-8340
WWW.SUSMANGODFREY.COM

_____

| SUITE 5100 | SUITE 1400 | SUITE 3000 |
| 1000 LOUISIANA STREET | 1900 AVENUE OF THE STARS | 401 UNION STREET |
| HOUSTON, TEXAS 77002-5096 | LOS ANGELES, CALIFORNIA 90067-6029 | SEATTLE, WASHINGTON 98101-2683 |
| (713) 651-9366 | (310) 789-3100 | (206) 516-3880 |

December 27, 2024

**BY ECF**

The Honorable Ona T. Wang
United States District Court for the Southern District of New York
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York, NY 10007

**Re:** *King v. Habib Bank Limited*, Case No. 1:20-cv-04322-LGS-OTW, Joint Status Letter

Dear Judge Wang:

The parties jointly submit this status letter.

### I. Pending Letter Briefs

Pursuant to the Court's Order at the October 9, 2024 Status Conference and its October 18, 2024 Order (Dkt. 330), the parties have completed their briefing on the following issues that remain pending before the Court:

1. Dispute Regarding the Relevance of Foreign Regulator Inspection Records (Dkts. 308, 314, 324, 333, 355)

2. Dispute Regarding Whether the Comity Analysis Favors Compelling Production of Foreign Regulator Inspection Records (Dkts. 308, 314, 338, 348, 364)

3. Dispute Regarding the Proportionality of HBL Producing HBL Transactional Data (Dkts. 284, 288, 322, 342, 358)

### II. HBL's Privilege Log

The parties dispute whether there remain any live issues pending before the Court concerning HBL's privilege log.

**Plaintiffs**: Also pending before the Court is the parties' completed briefing regarding their disputes

December 27, 2024
Page 2

over HBL's claims of privilege, which were submitted via email to Judge Wang's Chambers on August 8, 2024 pursuant to the Court's July 31, 2024 Order. *See* Dkt. 286 (Court's July 31, 2024 Order) at 3 (directing the parties to "submit their three-page letter briefs via Chambers email").

For the last several months, Plaintiffs have challenged over 9,000 entries on HBL's privilege log. Plaintiffs repeatedly raised this privilege dispute in filings to the Court, including in the April, May, June, and July Joint Status Letters. *See, e.g.*, Dkt. 241 [April Status Ltr] at 3-4; Dkt. 263 [May Status Ltr] at 34-36; Dkt. 274 [July Status Ltr] at 4-5. In an effort to resolve it, Plaintiffs in the July 12, 2024 Joint Status Letter "request[ed] an in camera review of a sample of [the disputed entries], accompanied by three page letter submissions" from the parties. Dkt. 274 at 4-5.

On July 17, 2024, the Court memo-endorsed the parties' July 12 letter as follows:

> As to the privilege dispute raised on page 5 of this letter, the parties are directed to meet and confer on a methodology and a schedule for sampling the contested entries, and propose a methodology and a schedule for submitting three-page letter briefs in their next status letter.

Dkt. 281 at 7. The parties proposed a sampling methodology and schedule in their July 26, 2024 Joint Status Letter. Dkt. 282 at 1-2. The parties jointly proposed an agreed sampling methodology and individually proposed briefing schedules with minor differences. *See id*.

On July 31, 2024, the Court memo-endorsed the parties' July 26 proposed sampling methodology and briefing schedule, ordering the parties "to submit their three-page letter briefs via Chambers email as directed above by August 8, 2024" and stating that "the parties' proposed sampling methodology is APPROVED" with slight modifications. Dkt. 286 at 3. Pursuant to the Court's July 31 Order, both parties submitted their briefs, and HBL submitted the agreed upon sample of documents, to the Court's Chambers via email on August 8, 2024.

The Court has not yet ruled on the August 8 submissions that the Court ordered the parties to make. *See* Dkt. 286 at 3. Plaintiffs identified this issue as unresolved in the August 30 Joint Status Letter, Dkt. 290 at 1, and in the October 4 agenda for the October 9 hearing, Dkt. 317 at Item No. 4. The day before the October 9 hearing, the Court issued an order stating: "Plaintiffs' request for the Court to order an in-camera review of a sample of entries on Defendant's Privilege-Log is DENIED as moot, ***as the parties have agreed to and adopted a methodology and schedule for sampling contested privilege-log entries. (ECF 317)***." Dkt. 318. Dkt. 317—the parties' joint agenda—likewise cites Dkts. 274 and 286, the precise filings noted above that concerned the Court-ordered briefing and sampling methodology. The Court at the October 9 hearing likewise stated it understood that the parties had agreed to address the dispute through their joint proposal of "sampling" certain entries. Tr. at 42-43.

Contrary to HBL's claims below, the Court's October 8 Order did not resolve the parties' *in camera* August 8 submissions. As HBL does not dispute, that Order made no finding or holding regarding the parties' actual privilege dispute, including the parties' August 8 written submissions to Chambers, the dozens of documents the parties submitted to Chambers for *in camera* review on August 8, or any of the discrete privilege claims that Plaintiffs had challenged. The Order simply acknowledged that the Court had approved the parties' proposal for sampling and briefing—as demonstrated by the italicized text above that HBL chooses to ignore. There thus was nothing to

"object" to in that portion of the Order. To the contrary, Plaintiffs understood the Order to recognize that the questions regarding the sampling and methodology approach were resolved and that the Court would address the parties' *in camera* submissions in due course.

HBL's claim that Plaintiffs "waived" the privilege dispute that they raised in eight Court submissions over an eight-month period is meritless. *E.g.*, Dkt. 241 at 3-4; Dkt. 263 at 34-36; Dkt. 274 at 4-5; Dkt. 282 at 1-2; Dkt. 290 at 1; Dkt. 317. The Court ordered *in camera* submissions regarding the dispute in Dkt. 286; the parties made those submissions on August 8 pursuant to the Court's Order; and the Court still has not ruled on those submissions. The dispute was not discussed at the October 9 hearing because the Court did not request argument on it—not because the dispute was withdrawn. As such, it remains "live" and unresolved.

**HBL**: There is no pending dispute concerning HBL's privilege log because it was resolved through the Court's October 8 Order and Plaintiffs have long since waived any objection to that Order. *See* Oct. 8 Order, ECF No. 318 (referencing the privilege dispute briefed in July 2024, at ECF Nos. 274, 284, and deciding same). As Plaintiffs acknowledge, the Court expressly "**DENIED** as moot" Plaintiffs' "request for the Court to order an in-camera review of a sample of entries on Defendant's Privilege-Log," citing the parties' joint agenda for the October 9, 2024 status conference. Oct. 8 Order at 2 (citing ECF No. 317). The Order thus resolved the privilege-log issues identified in the joint agenda at ECF No. 317, which included "ECF Nos. 274, 286, 306, and the parties' *in camera* submissions." *See* Oct. 9 Tr. at 2:11-17 (the Court stating that, after the October 8 Order, the "main issue" from the parties' joint agenda left to resolve was Plaintiffs' request for audit records from the State Bank of Pakistan and the UAE Central Bank).

The Court gave the parties ample opportunity to raise any open issues at the status conference held on October 9, and both sides sought various clarifications regarding the October 8 Order. *See* Oct. 9, 2024 Tr. at 42-43 (the Court communicated its understanding that the parties were able "to resolve . . . the privilege log issue"). As Plaintiffs themselves point out above, the privilege dispute was also included on the agenda for the conference. ECF No. 317 ("Plaintiffs' disputes concerning HBL's privilege log"). During the status conference, Plaintiffs declined to raise any issue regarding a privilege dispute despite having multiple opportunities to do so and seeking clarification on other issues. *See, e.g.*, Oct. 9, 2024 Tr. at 33, 47, 48-50, 52.

More importantly, Plaintiffs did not object to the Order within 14 days, as required by Rule 72(a) of the Federal Rules of Civil Procedure, and so waived their right to object. *See United States v. Male Juvenile*, 121 F.3d 34, 38 (2d Cir. 1997).

Nor did Plaintiffs raise this purported clarification of the Court's October 8 Order or otherwise identify the purported pendency of the July privilege dispute in the parties' last two joint status letters. *See* ECF Nos. 331 (Jt. Status Ltr., Oct. 25, 2024) & 368 (Jt. Status Ltr., Nov. 27, 2024). Indeed, this issue does not appear in the parties' list of "issues that remain pending before the Court" in the November status letter. *See* ECF No. 368.

Plaintiffs' contention, that the October 8 Order "simply acknowledged that the Court had approved the parties' proposal for sampling and briefing," does not make sense and cannot be squared with the language of the Order. The parties' proposal for sampling and briefing was not on the agenda for the status conference, as cited in the October 8 Order. The Court would have no need to

December 27, 2024
Page 4

"acknowledge" a prior decision that was no longer before it. The most natural reading of the October 8 Order is that the Court denied Plaintiffs' request as moot, and if Plaintiffs believed that Order was issued in error, then Plaintiffs should have raised the issue at the status conference or filed objections. They did not.

Because Plaintiffs waived their right to object, and waited months to attempt to re-raise this issue, there is no live privilege dispute for the Court's consideration.

### III. Current Fact Discovery Deadline

The parties also dispute the need for an extension to the current fact discovery deadline.

**Plaintiffs**: The current fact discovery deadline is January 3, 2025. Dkt. 320 (Oct. 9, 2024 Tr.) at 53. To the extent the Court orders HBL to produce the documents subject to the disputes in Sections I-II above, Plaintiffs will require an extension of fact discovery to provide sufficient time to receive and review the transactional data, regulatory reports, and withheld documents at issue. The Court recognized that such an extension may be necessary at the October 9, 2024 hearing. *Id*. at 53 (stating that the January 3rd extension was "without prejudice to further extension" and noting that resolution of the pending disputes might entail "a long time for production"). Plaintiffs thus contacted HBL over a week before this letter was due asking HBL to agree to extend fact discovery until the Court rules on the pending motions. HBL asserted the issue was premature.

This issue is not premature because opening expert reports are due four weeks after the fact discovery deadline (currently January 31, 2025). The pending disputes (*supra*, at §§ I-II) concern documents that contain information regarding hundreds of thousands of transactions and various bank examinations and compliance issues that Plaintiffs' experts will address in their opening reports. Requiring the experts to opine on HBL's current transactional data set where the Court may order the production of new, supplemented data pulls regarding existing and additional transactions is highly inefficient and will involve duplicative efforts by both parties. Both parties likely will be required to issue serial reports addressing supplemental data, including because the supplemental data likely will impact expert opinions regarding transactional data already produced. For example, HBL produced over 10,000 thousand rows of new transactional data on December 23, 2024. The additional transactional data HBL has produced in response to Court orders (and any forthcoming order) will require reopening the deposition of its 30(b)(6) representative regarding that data. Doing so once, instead of serially based on forthcoming productions, is more efficient for the parties and the Court.

HBL's position also is at direct odds with the Court's statement at the October 9 hearing that the fact discovery deadline cannot be used as a basis to cut off properly raised discovery disputes:

> We're not arguing about the discovery deadline because what has happened time and again in this case, probably for the last two years, is that we set a discovery deadline. Defendants have failed to produce what they need to produce, and some of this is on prior counsel as well, asserting privileges, asserting objections, their timely made request, timely made objections. We end up in a morass about parsing out and . . . considering rolling productions in order to make sure that the Court is properly limiting what is being sought and what is produced. That takes time. That's been in the control of defendants to take time. And then

December 27, 2024
Page 5

> when we bump up against a discovery deadline, defendants say, oh you're out of time. We slow walked the production long enough to get to a discovery deadline, and now they're out of time. They don't get it. That's not how discovery works. Dkt. 320 at 10:11-25.

To avoid burdening the Court with piecemeal extension requests, Plaintiffs request that the Court either extend fact discovery until (a) two weeks after the date the Court rules on each of the issues in §§ I-II, which would provide the parties an opportunity to meet and confer regarding any schedule of production and further extension; or (b) eight weeks after the date by which HBL is ordered to complete its production of any information at issue in the disputes in §§ I-II.

**HBL**:  Plaintiffs' requests above are premature and seek to encroach upon and prejudge the Court's deliberations and impending orders in respect of closed briefing.  HBL's position is not "at direct odds with" this Court's statements, as HBL offered to include in this letter a joint request from the parties for an opportunity to meet and confer on appropriate timelines for the conclusion of fact discovery, should the Court grant any of Plaintiffs' pending requests.  Plaintiffs refused, insisting on putting this to the Court as a "dispute."  HBL nonetheless remains willing to meet and confer on appropriate discovery deadlines should a sixth extension of discovery be necessary.

Plaintiffs yet again attempt to muddy the issue and bias the Court against HBL by baselessly accusing HBL of using discovery deadlines to "cut off" disputes.  HBL is doing no such thing, and this accusation is even more unfounded in view of HBL's unwavering compliance with its discovery obligations, having produced over one million pages of documents pursuant to extremely broad and extensive discovery requests.  HBL has offered to meet and confer on appropriate discovery timelines to the extent necessary in view of the Court's decisions.  Fact discovery has been ongoing for over two years now, and Plaintiffs' request for an additional eight weeks beyond any final production is not only arbitrary but also inconsistent with their prior requests.  *See, e.g.*, ECF No. 284 (Plaintiffs seeking additional productions and extension of fact discovery to "*six weeks* from when HBL completes" production).  For instance, Plaintiffs point to HBL's December 23, 2024 production (made just 10 days after the Court's memo endorsement at ECF No. 373), but ignore that these transactions represent a small fraction of the transactional data already produced and are of a similar nature and in the same format as data already produced.  Plaintiffs' experts have six weeks to review this data before the current expert-report deadline, and that is more than sufficient.  Besides, Plaintiffs made the above extension requests several days *before* HBL produced this data, further underscoring the arbitrary nature of the timeline they have proposed.

Respectfully Submitted,

*s/ Danielle Nicholson*
Ian M. Gore (IG2664)
Katherine M. Peaslee (Pro Hac Vice)
Danielle Nicholson (Pro Hac Vice)
SUSMAN GODFREY L.L.P.
401 Union Street, Suite 3000
Seattle, WA 98101

December 27, 2024
Page 6

Tel: (206) 505-3841
Fax: (206) 516-3883
igore@susmangodfrey.com
kpeaslee@susmangodfrey.com
dnicholson@susmangodfrey.com

Seth D. Ard (SA1817)
SUSMAN GODFREY L.L.P.
One Manhattan West
New York, NY 10001-8602
Tel: (212) 336-8330
Fax: (212) 336-8340
sard@susmangodfrey.com

Steven Sklaver (Pro Hac Vice)
Michael Adamson (MA9434)
SUSMAN GODFREY L.L.P.
1900 Avenue of the Stars, Suite 1400
Los Angeles, CA 90067
Tel: (310) 789-3100
Fax: (310) 789-3150
ssklaver@susmangodfrey.com
madamson@susmangodfrey.com

Ryan Sparacino (Pro Hac Vice)
Tejinder Singh (TS0613)
SPARACINO PLLC
1920 L Street, NW
Suite 835
Washington, D.C. 20036
Tel: (202) 629-3530
ryan.sparacino@sparacinopllc.com
tejinder.singh@sparacinopllc.com

*Counsel for Plaintiffs*


*/s/ Claire A. DeLelle with permission*
Christopher M. Curran
Claire A. DeLelle
Celia A. McLaughlin
Michael Mahaffey (*Pro Hac Vice*)
WHITE & CASE LLP
701 Thirteenth Street, NW
Washington, DC 20005
Telephone:     + 1 202 626 3600

December 27, 2024
Page 7

Facsimile:	+ 1 202 639 9355
ccurran@whitecase.com
cdelelle@whitecase.com
cmclaughlin@whitecase.com
michael.mahaffey@whitecase.com

*Counsel for Habib Bank Limited*