UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------x
KEVIN KING, et al.,     :
                                              :
                          Plaintiffs,     :       20-CV-4322 (LGS) (OTW)
                                              :
                          -against-     :      **ORDER**
                                              :
HABIB BANK LIMITED,     :
                                              :
                          Defendant.     :
-------------------------------------------------------------x

**ONA T. WANG**, **United States Magistrate Judge**:

I.     **BACKGROUND**

The Court assumes familiarity with the history of this case. To date, both parties have engaged in a battle of discovery disputes, filing numerous discovery-related motions which forced the Court to engage in day-to-day supervision of discovery. (*See* ECF 272). Due to the high-stakes nature and sensitive information involved, many of the parties' filings are accompanied by motions to seal pursuant to the parties' Stipulated Protective Order ("Protective Order").[1] The Court notes that there are currently 20 pending motions to seal in this case.

Across the 20 motions under consideration, the parties have identified the following general categories of information that they seek to seal:

(1) Exhibits attached to the parties' letter motions, briefs, joint status letters, and declarations that are documents exchanged between the parties during discovery and that contain information designated as confidential under the parties' Protective Order; and

---

[1] The parties' Protective Order was first entered on November 28, 2022. (ECF 75). An amended Protective Order was subsequently entered on June 25, 2024. (ECF 268).

> (2) Portions of the parties' letter motions, briefs, joint status letters, and declarations that describe or summarize information contained in the exhibits described in (1) above or that refer to or summarize: (A) bank customer information, including medical information; (B) compliance procedures; (C) regulatory oversight and supervisory materials, including regulatory inspections; and (D) KYC procedures, all of which the parties have designated as confidential under the Protective Order and/or are typically kept strictly confidential by the parties.

Several of the motions were filed jointly, while others were filed with seemingly no opposition from opposing counsel.

## II.     LEGAL STANDARD

The common law right of public access to judicial documents is based on "the need for federal courts, although independent—indeed, particularly because they are independent—to have a measure of accountability and for the public to have confidence in the administration of justice." *United States v. Amodeo*, 71 F.3d 1044, 1048 (2d Cir. 1995). The First Amendment also secures, to both the public and the press, a right of access to civil proceedings. *Westmoreland v. Columbia Broad. Sys., Inc.*, 752 F.2d 16, 23 (2d Cir. 1984). When determining whether documents at issue on a motion to seal are subject to this common law right, the court must first conclude that the documents at issue are judicial documents. *Lugosch v. Pyramid Co. of Onondaga,* 435 F.3d 110, 119 (2d Cir. 2006). If the Court determines that the documents at issue are judicial documents, and that therefore the constitutional and common law presumption of access attaches, it must then determine the presumption's weight. *Id.* Finally, the Court balances competing considerations against the presumption of access. *Id.* at 120 (citing *Amodeo*, 71 F.3d at 1050). Under both constitutional and common law frameworks, the burden of justifying sealing rests with the moving party. *DiRussa v. Dean Witter Reynolds Inc.*, 121 F.3d 818, 826 (2d Cir. 1997).

**III.    DISCUSSION**

We first consider whether the documents at issue are "judicial documents." A "judicial document" or "judicial record" is a filed item relevant to the performance of judicial functions and useful in judicial processes. *Bernstein v. Bernstein Litowitz Berger & Grossmann LLP*, 814 F.3d 132, 139 (2d Cir. 2016). As opposed to pleadings, which are widely recognized as judicial documents, *Id.* at 140, the law is more complex with respect to filings made during discovery. *Brown v. Maxwell*, 929 F.3d 41, 47-49 (2d Cir. 2019). Generally, "a court's authority to oversee discovery and control the evidence introduced at trial … constitutes an exercise of judicial power … ancillary to the court's core role in adjudicating cases," meaning the presumption of public access is "generally somewhat lower" but still requires a court to articulate "specific and substantial reasons for sealing such material." *Id.*

Documents that are "simply passed between the parties in discovery" are not ordinarily considered judicial documents. *Maxwell*, 929 F.3d at 49-50. This does not change when a Court assesses such documents in a discovery motion. *Nespresso USA, Inc. v. Williams-Sonoma, Inc.*, 19-CV-4223 (LAP) (KHP), 2021 WL 1812199, at *1 (S.D.N.Y. May 6, 2021). Moreover, when documents are filed "pursuant to a confidentiality agreement," the Second Circuit has held it is "presumptively unfair for courts to modify protective orders which assure confidentiality and upon which the parties have reasonably relied." *Uni-Systems, LLC v. U.S. Tennis Ass'n, Inc.*, 17-CV-147 (KAM) (CLP), 2020 WL 8266015, at *8 (E.D.N.Y. July 6, 2020) (quoting *S.E.C. v. TheStreet.Com*, 273 F.3d 222, 230 (2d Cir. 2001)).

Here, 10 of the parties' sealing motions seek to seal, among other things, exhibits attached to the parties' letter motions, briefs, joint status letters, and declarations. These

exhibits are documents that were exchanged between the parties during discovery and are designated as confidential under the Protective Order in this case. For these reasons, these exhibits may be filed under seal, "as they are non-judicial documents to which the confidentiality agreement may fairly apply with no countervailing public access right." *Uni-Systems, LLC*, 2020 WL 8266015, at *8 ("Even when the Court analyzes such documents in the context of a discovery motion, discovery documents remain non-judicial.").

16 of the parties' motions also seek to seal portions of the letter motions, briefs, joint status letters, and declarations themselves that describe or summarize information described in (2) above.[2] These documents, unlike the now-sealed exhibits, are judicial documents "to which the presumption of public access may apply." *Uni-Systems, LLC*, 2020 WL 8266015, at *9 (citing *Cumberland Packaging Corp. v. Monsanto Co.*, 184 F.R.D. 504, 505 (E.D.N.Y. 1999)). Courts in this district have held that redacting portions of such letter motions that reference "information passed between the parties in discovery" where "the documents [referenced] have been designated" as confidential under a protective order is appropriate. *See Nespresso USA, Inc.*, 2021 WL 1812199, at *3.

Here, the parties have successfully rebutted the presumption of public access. First, a low presumption of public access attaches because these documents are related to discovery matters. *Maxwell*, 929 F.3d at 47-49. Second, the parties have verified, and the Court has confirmed by review of the unredacted versions of the documents, that the redacted portions

---

[2] This information includes: (A) bank customer information, including medical information; (B) compliance procedures; (C) regulatory oversight and supervisory materials, including regulatory inspections; and (D) KYC procedures, all of which the parties have designated as confidential under the Protective Order and/or are typically kept strictly confidential by the parties.

of the various letter motions, briefs, joint status letters, and declarations they seek to seal reference information designated as confidential under the Protective Order or information of the type that would normally be kept strictly confidential by the parties. Accordingly, the Court finds that this information can be redacted and filed under seal. "The Court also notes that the proposed redactions are narrowly tailored to preserve the parties' privacy and business interests." *Nespresso USA, Inc.*, 2021 WL 1812199, at *3.

Accordingly, the following motions to seal are **GRANTED** in their entirety: ECF Nos. 240, 252, 262, 273, 283, 287, 291, 299, 307, 313, 321, 323, 332, 337, 339, 349, 352, 357, 363.

The Court also notes that another joint letter motion to seal is outstanding at ECF 269. Because the documents sought to be sealed by this motion (ECF Nos. 270, 271) were stricken from the docket by my July 1, 2024, Order, this motion is **DENIED as moot.**

### IV.     Conclusion

In sum, all of the outstanding motions to seal, with the exception of ECF 269, are **GRANTED** as proposed by the moving parties. ECF 269 is **DENIED as moot**.

Given the number of sealing motions filed in this case, the parties are directed to include in any future motion to seal direct references to the specific ECF numbers that correspond to a specific motion.

The Clerk of Court is respectfully directed to close ECF Nos. 240, 252, 262, 269, 273, 283, 287, 291, 299, 307, 313, 321, 323, 332, 337, 339, 349, 352, 357, 363.

**SO ORDERED.**

Dated: January 16, 2025
New York, New York

*s/ Ona T. Wang*
**Ona T. Wang**
United States Magistrate Judge