**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------------x

KEVIN KING, et al.,                                   :
                                                      :
                      Plaintiffs,                     :            20-CV-4322 (LGS) (OTW)
                                                      :
          -against-                                   :            **OPINION & ORDER**
                                                      :
HABIB BANK LIMITED,                                   :
                                                      :
                      Defendant.                      :
---------------------------------------------------------------x

**ONA T. WANG**, **United States Magistrate Judge**:

I.      **INTRODUCTION**

The Court is in receipt of Defendant Habib Bank Limited's motion regarding their request to

strike two of Plaintiffs' expert reports, by Dr. Colin Clarke and Mr. Yuval Joseph Zacks, as

untimely. (ECF 428). This case was referred to me for general pre-trial management on March

10, 2023. (ECF 98). The Court has reviewed the parties' briefing on the motion. (ECF Nos. 428,

431, 436, 437). Parties have also filed a joint motion for an extension of time to depose

Plaintiffs' uncontested expert Steven Wood, and to depose Clarke and Zacks if the motion to

strike is denied. (ECF 438).

For the reasons stated below, the motion for the motion to strike the expert reports is

**DENIED.** The motion for an extension of time to depose all three of Plaintiffs' experts is

**GRANTED**.

II.     **BACKGROUND**

        a.  **Relevant Procedural Background**

On September 25, 2025, I granted the parties' joint request for a one-week extension of the

expert discovery schedule, as follows: Expert report(s) of party bearing burden of proof due

October 3, 2025; Opposing expert report(s) due December 1, 2025; and reply expert report(s), if any due January 19, 2026. (ECF 415). On November 10, 2025, I granted an extension of the close of expert discovery to March 13, 2026. (ECF 417).

### b. Timeliness of Zacks's and Clarke's reports

Plaintiffs served their expert reports on October 3, 2025, including a report for Steven Wood. (ECF 428 at 2). Wood's report attempts to "establish the existence of what he calls the 'Afghan Terror Syndicate' and 'Kabul Attack Network'" and establish their connection to other groups, including "Al Qaeda and the Taliban," which he opines "planned, authorized, or committed…the bellwether attacks…during the period at issue here." *Id.* Defendants served the expert report of Robert Grenier to rebut Wood, opining that "the so-called 'Afghan Terror Syndicate' and 'Kabul Attack Network' are fictitious groups labelled as such by Wood." *Id.* The date of which Grenier's report was served is not mentioned in the briefing. On January 19, 2026, the deadline to serve reply expert reports, Plaintiffs served three expert reports to rebut Grenier's report, from Wood, Clarke, and Zacks. *Id.*

Defendants move to strike Clarke's and Zacks's reports as improper "reply" expert reports as: (1) untimely; (2) unjustified; (3) redundant; and (4) prejudicial. (ECF 428 at 2-3). Plaintiffs contend that new experts on reply are permissible, that the reports are proper rebuttals to Defendant's expert, and that, if the reports are untimely, they are substantially justified and non-prejudicial. (ECF 431 at 2-3). *Peerless Network, Inc. v. AT&T Corp.,* No. 15-CV-870 (VM)(VF), 2022 WL 3700141 (S.D.N.Y. Aug. 26, 2022).

### III.   LEGAL STANDARDS

I am deciding Defendant's motion to strike "belated" expert reports pursuant to the prior referral to me of all non-dispositive pretrial motions. (ECF 98). *See RMed Int'l, Inc. v. Sloan's Supermarkets, Inc.*, No. 94-CV-05587 (PKL) (RLE), 2000 WL 420548, at *2 n.1 (S.D.N.Y. Apr. 18, 2000) ("A decision to admit or exclude expert testimony is considered 'nondispositive' of the litigation." (citations omitted)). A magistrate judge's decision whether to permit the "late" submission of an expert report is a discretionary one. *See Reynolds v. Sealift, Inc.*, 311 F. App'x 422, 426 (2d Cir. 2009) (finding no error in magistrate judge exercising discretion to refuse to extend discovery for submission of expert report); *see also Frydman v. Verschleiser*, No. 14-CV-08084, 2017 WL 1155919, at *2 (S.D.N.Y. Mar. 27, 2017) ("It was well-within Magistrate Judge Cott's discretion to enforce the discovery deadline for expert disclosure in this case by striking the untimely expert reports.").

### a.   Exclusion under Rule 26

Federal Rule of Civil Procedure 26(a)(2) requires that a party seeking to call an expert witness at trial "must disclose to the other parties the identity of any witness ...." Fed. R. Civ. P. 26(a)(2)(A). This disclosure "must be accompanied by a written report—prepared and signed by the witness—if the witness is one retained or specially employed to provide expert testimony in the case or one whose duties as the party's employee regularly involve giving expert testimony." Fed. R. Civ. P. 26(a)(2)(B). "A party must make these disclosures at the times and in the sequence that the court orders." Fed R. Civ. P. 26(a)(2)(D). If a party fails to make these disclosures or fails to make these disclosures at the times or in the sequence ordered by the court, "the party is not allowed to use that information or witness to supply evidence on a

3

motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1).

### b. *Softel* factors

"Before [granting] the extreme sanction of preclusion, the Court should inquire more fully into the actual difficulties which the violation causes, and must consider less drastic responses." *Ritchie Risk-Linked Strategies Trading (Ireland), Ltd. v. Coventry First LLC*, 280 F.R.D. 147, 157 (S.D.N.Y. 2012) (quoting *Outley v. New York,* 837 F.2d 587, 591 (2d Cir.1988)). The Court's consideration, while not exhaustive, should include:

> (1) the party's explanation for the failure to comply with the discovery [requirement];
> (2) the importance of ... the precluded [evidence];
> (3) the prejudice suffered by the opposing party as a result of having to prepare to meet the new testimony; and
> (4) the possibility of a continuance.

*Id*. (quoting *Softel, Inc. v. Dragon Medical & Scientific Communications, Inc.,* 118 F.3d 955, 961 (2d Cir.1997)).

### IV.    ANALYSIS

Defendants rely, *inter alia*, on *Oracle America, Inc. v. Google Inc.*[1] for striking Clarke's and Zacks's reply reports. (ECF 428 at 2). In that case, plaintiff Oracle advised the court before the expert deadline that it might rely on two experts but served an opening report only from one. *Oracle America, Inc. v. Google Inc.,* 2011 WL 5572835 (N.D. Cal. 2011) at *2. After Google served its opposition reports, Oracle submitted reply reports from both experts. *Id.* Google objected to the reply, arguing that a new expert who had not provided an opening report could

---

[1] *Oracle Am., Inc. v. Google Inc.*, No. C 10-03561 WHA, 2011 WL 5572835 (N.D. Cal. Nov. 15, 2011).

not submit a reply report attacking the opposing experts. *Id.* The court agreed and struck the reply report. Although the scheduling order did not expressly limit reply reports to authors of opening reports, the court stated it believed that limitation was implicit and noted it had never previously been challenged. *Id.* at *3. The court also emphasized that the schedule left no opportunity to depose the new reply expert or to provide a responsive expert report. *Id.*

The circumstances here differ materially. In *Oracle*, the court concluded that Oracle had "sandbagged" Google by identifying the expert early but withholding his report until the reply stage. *Id.* Here, Plaintiff contends that the reports of Clarke and Zacks were prepared only <u>after</u> Grenier raised arguments in his report that required rebuttal. (ECF 428 at 2). Plaintiff also further represents that Zacks and Clarke "will only appear at trial in Plaintiffs' **rebuttal** case. And therefore, **only if** Mr. Grenier testifies." (ECF 431 at 3) (emphasis in original). Parties have also filed a joint motion for an extension of time, agreeing that "if the depositions of Mr. Zacks and/or Dr. Clarke are necessary, depending on the Court's decision, then any such depositions shall take place within 28 days of the Court's resolution of the issues raised in HBL's January 29, 2026, pre-motion letter. The parties have agreed, subject to the Court's approval, that the deposition of HBL's expert witness, Robert Grenier, take place within that same 28-day period and following any depositions of Mr. Zacks and/or Dr. Clarke." (ECF 438). In sum, none of the experts have yet been deposed.

Since the burden of proof is on Plaintiffs, it aligns that the deadline for expert reports would be that for opening expert reports, October 3, 2025. The sequence of expert disclosures, as set forth in the scheduling order in this case, follows the allocation of the burden of proof at trial. Plaintiffs make the initial expert disclosures. Thereafter, Defendant serves rebuttal expert

disclosures. And if the defendant's rebuttal disclosure raises new matter, a plaintiff may serve a reply expert disclosure limited to the new matter in defendant's rebuttal expert disclosure. *Camarata v. Experian Info. Sols., Inc.*, 16CV132 (AT) (HBP), 2018 WL 1738335, at \*2 (S.D.N.Y. Mar. 5, 2018) (describing the sequence of disclosures under Fed.R.Civ.P. 26(a)(2)(D)). The question at this juncture is whether Plaintiffs' reply expert disclosure must come only from Wood.

It would be manifestly unfair to permit a party to disregard the deadline for its initial expert disclosures, await its adversary's expert report, and then address all appropriate subjects of expert testimony under the guise of a rebuttal report. Nevertheless, the complete preclusion of Plaintiff from responding to a Defendant's expert disclosure would be disproportionate. *Camarata*, 2018 WL 1738335, at \*2. At this time, I do not find it appropriate to limit Plaintiffs' reply to solely that of Wood.

As to the first factor, the explanation, the Court concurs with Plaintiff that Clarke's and Zacks's reports are proper rebuttal reports and are therefore timely. As to the second factor, parties differ on the importance of the two expert reports. While Plaintiff conceded that there may be "slight overlaps in their opinions," I concur with their conclusion that the extreme sanction of preclusion is not appropriate on that basis alone. *Ritchie Risk-Linked Strategies Trading (Ireland), Ltd.*, 280 F.R.D. 147, 157.

Defendants will suffer no prejudice from the inclusion of Clarke's and Zacks's expert reports. Because expert discovery remains ongoing and no trial date has been set, any prejudice at this stage is speculative. *See, e.g. Schiller v. City of New York*, Nos. 04-CV-7922(RJS)(JCF), 04-CV-7921(RJS)(JCF), 2008 WL 4525341, \*7 (S.D.N.Y. Oct. 09, 2008) (noting that "[c]urrently, no date

is scheduled for a summary judgment motion or for trial, so a continuance is certainly possible"). Even so, any potential prejudice can be remedied by extending the deadline for expert depositions, as the parties themselves jointly requested. (ECF 438). Plaintiffs have already agreed to limit Clarke's and Zacks's testimony to only rebuttal of Grenier's testimony, and any other limitations are more properly addressed to Judge Schofield at a motion *in limine*.

Accordingly, I find that permitting Clarke's and Zacks's expert reports and depositions solely in rebuttal to Mr. Grenier's testimony is consistent with the relevance and proportionality requirements in Federal Rules of Civil Procedure Rule 26.

## V.    CONCLUSION

For the foregoing reasons, Defendant's motion to strike the reply expert reports by Colin Clarke and Yuval Joseph Zacks is **DENIED**, and the motion for an extension of time to depose the expert witnesses is **GRANTED**. The expert discovery deadline is extended to **April 17, 2026.**

The Clerk of the Court is respectfully requested to close ECF Nos. 428 and 438.

**SO ORDERED.**

_s/ Ona T. Wang_

Dated: March 16, 2026    **Ona T. Wang**
New York, New York    United States Magistrate Judge

7