**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| KEVIN KING, et al., Plaintiffs, -against- HABIB BANK LIMITED, Defendant. | 20-CV-4322 (LGS) (OTW) **ORDER** |

**ONA T. WANG, United States Magistrate Judge**:

## I. BACKGROUND

The Court assumes familiarity with the history of this case. Pending now before the Court is parties' joint request to seal the opening and reply reports of expert Steven A. Wood, LTC. (ECF 430).[1] These expert reports were submitted as exhibits to Plaintiffs' opposition to Defendant's motion for a conference regarding striking plaintiffs' expert reports.[2] (ECF Nos. 428, 432).[3] Parties filed the present motion to seal on the grounds that the reports: (1) "describe and reference third party government reports that contain personal identifying and medical information relating to the Bellwether Plaintiffs and/or their family members"; and (2) "describe HBL accountholder information and correspondence that HBL has designated confidential pursuant to the Protective Order." (ECF 430 at 1).

[1] This motion appears twice on the docket in identical letter motions at ECF Nos. 429 and 430.

[2] This motion was decided by Opinion & Order on March 16, 2026. (ECF 439).

[3] It is unclear where the reports parties seek to seal appear on the docket, as parties did not reference the documents by ECF number in the motion. For the purposes of this analysis, the Court is reviewing the documents that appear at ECF Nos. 432-5 and 432-6, however parties must identify by ECF number in their supplemental briefing whether these are in fact the exhibits they are seeking to seal, and also whether additional documents are covered by this sealing motion.

Despite clear instruction to "include in any future motion to seal direct references to the specific ECF numbers that correspond to a specific motion," (ECF 379 at 6), the parties failed to do so in the instant sealing motion. As such, parties are required to supplement their briefing to include the specific ECF numbers in which the exhibits they seek to seal appear, and the corresponding pages in which the information that warrants the sealing appears. Parties may file this supplemental brief under seal. For this reason and the following reasons, the Court will maintain provisional sealing pending the parties supplemental briefing by **September 25, 2026.**

## II. LEGAL STANDARD

The common law right of public access to judicial documents is based on "the need for federal courts, although independent—indeed, particularly because they are independent—to have a measure of accountability and for the public to have confidence in the administration of justice." *United States v. Amodeo*, 71 F.3d 1044, 1048 (2d Cir. 1995). The First Amendment also secures, to both the public and the press, a right of access to civil proceedings. *Westmoreland v. Columbia Broad. Sys., Inc.*, 752 F.2d 16, 23 (2d Cir. 1984). When determining whether documents at issue on a motion to seal are subject to this common law right, the court must first conclude that the documents at issue are judicial documents. *Lugosch v. Pyramid Co. of Onondaga,* 435 F.3d 110, 119 (2d Cir. 2006). If the Court determines that the documents at issue are judicial documents, and that therefore the constitutional and common law presumption of access attaches, it must then determine the presumption's weight. *Id.* Finally, the Court balances competing considerations against the presumption of access. *Id.* at 120 (citing *Amodeo*, 71 F.3d at 1050). Under both constitutional and common law frameworks, the

burden of justifying sealing rests with the moving party. *DiRussa v. Dean Witter Reynolds Inc.*, 121 F.3d 818, 826 (2d Cir. 1997).

As opposed to such judicial documents, however, documents passed between parties (or the Court) in discovery "lie entirely beyond the presumption's reach." *Amodeo*, 71 F.3d at 1050. Even when the Court assesses such documents in the context of a discovery motion, the documents remain non-judicial and the presumption is minimal. *Uni-Sys., LLC. v. United States Tennis Ass'n, Inc.*, 2020 WL 8266015, at *8 (E.D.N.Y. July 6, 2020) (citing *Cumberland Packing Corp. v. Monsanto Co.*, 184 F.R.D. 504, 506 (E.D.N.Y. 1999)). Nonetheless, the court must still balance the right to public access against the private interests of the parties to determine a whether or not to seal a document. *Id.*

Further, "[w]hen discovery documents were submitted to the court pursuant to a confidentiality agreement, the Second Circuit has held that it is 'presumptively unfair for courts to modify protective orders which assure confidentiality and upon which the parties have reasonably relied.' " *Winfield v. City of New York*, No. 15-cv-5236 (LTS) (KHP), 2017 WL 2880556, at *4 (S.D.N.Y. July 5, 2017) at *27-28 (quoting *S.E.C. v. TheStreet.Com*, 273 F.3d 222, 230 (2d Cir. 2001)).

## III. DISCUSSION

The parties conclusorily assert that the expert reports in question are not "judicial documents" because they "play no role in the performance of Article III functions," without further explanation. (ECF 430 at 2). A "judicial document" or "judicial record" is a filed item relevant to the performance of judicial functions and useful in judicial processes. *Bernstein v. Bernstein Litowitz Berger & Grossmann LLP*, 814 F.3d 132, 139 (2d Cir. 2016). The expert reports

were filed as exhibits to the motion to preclude "late" expert reports and are therefore documents filed in the context of a discovery motion. I find that these documents are non-judicial. *Uni-Systems, LLC, 2020 WL 8266015, at *8* ("Even when the Court analyzes such documents in the context of a discovery motion, discovery documents remain non-judicial.").

Courts in this district have held that redacting portions of such letter motions that reference "information passed between the parties in discovery" where "the documents [referenced] have been designated" as confidential under a protective order is appropriate. *See Nespresso USA, Inc.*, 2021 WL 1812199, at *3. A low presumption of public access attaches because these documents are related to discovery. *Brown v. Maxwell, 929 F.3d 41, 47-49 (2d Cir. 2019).*

Even though the reports are not judicial documents "presumptively open to the public under the *Amodeo* cases, this conclusion, standing alone, does not end the Court's inquiry." *S.E.C. v. TheStreet.Com*, 273 F.3d 222, 233 (2d Cir. 2001); *see Nichols v. Noom Inc.*, 2021 WL 3914078, at *2 (S.D.N.Y. Sept. 1, 2021) (denying motion to redact parts of nonjudicial document because the party seeking sealing "has failed to meet its burden to demonstrate any legitimate reason to maintain this information under seal"). It simply means that the Court must strike "a new balance between privacy rights and the interest of the general public." *Metro. Transportation Auth. v. Duffy*, 782 F. Supp. 3d 193, 199 (S.D.N.Y. 2025) quoting *TheStreet.Com*, 273 F.3d at 234; *see also Standard Inv. Chartered, Inc. v. Nat'l Ass'n of Sec. Dealers, Inc.*, 2008 WL 199537, at *6 (S.D.N.Y. Jan. 22, 2008) (noting that the party seeking to seal nonjudicial documents "must demonstrate a particularized harm associated with disclosure in order to justify the continued sealing of these documents").

Mr. Wood's expert report, exhibit 5, is approximately 184 pages, and the rebuttal declaration, exhibit 6, submitted in response to the expert report of Mr. Robert L. Grenier, is approximately 24 pages. The parties do not indicate where in the expert reports the "personal identifying and medical information," or "accountholder information" exists. The expert reports may reference third-party government reports containing personal identifying information, medical information, or accountholder information, but it is not clear whether and where the information is present in the expert reports that are sought to be sealed. The Court has reviewed both expert reports, totaling over 200 pages, and finds there are references to medical information and accountholder information that likely weighs in favor of keeping at least some portion of the expert reports under seal, but the reports also liberally cite to public (and nonpublic) documents.

Moreover, because the motions to seal did not identify by ECF number the documents sought to be sealed, the Court expresses concern that there may be additional documents that were filed under seal that are also covered by this motion.

## IV. <u>CONCLUSION</u>

Accordingly, the motion to seal is provisionally granted, with supplemental briefs to be filed by **September 25, 2026**. The supplemental briefs must identify by docket number the particular documents that are sought to be sealed, and must also identify the publicly filed redacted counterparts. (*See*, Individual Practices, Section VI). Moreover, if the expert reports "describe and reference" Bellwether Plaintiffs and their families' "personal identifying information and medical information," or contain descriptions of "HBL accountholder information and correspondence that HBL has designated confidential," the parties should

identify those sections by ECF number and by page ranges, and also include a brief explanation whether and why the entire reports should remain sealed or whether only portions of the reports should be redacted.

The Clerk of Court is respectfully directed to close ECF Nos. 429 and 430.

**SO ORDERED.**

*s/ Ona T. Wang*
**Ona T. Wang**
United States Magistrate Judge

Dated: August 25, 2026
New York, New York